**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PATRICIA A. CARPENTER,

    Plaintiff,

v.

Civil Action No.
3:00 CV 2067 (JCH)

FLEET NATIONAL BANK,

    Defendant.

OCTOBER 10, 2003

**DEFENDANT'S MOTION IN LIMINE TO BIFURCATE**
**PUNITIVE DAMAGE CLAIMS FROM THE MAIN PART OF THE TRIAL**

Defendant Fleet National Bank ("Defendant" of "Fleet"), pursuant to Federal Rules of Evidence 103(c)[1] and 611(a)[2], moves this Court to bifurcate Plaintiff's punitive damage claims from the main part of the trial. As grounds for this Motion, Defendant states as follows:

In her Complaint, Plaintiff alleges she is entitled to punitive damages. Throughout discovery and in her own rendition of facts, Plaintiff has been unable to state any evidence which would meet the high threshold for punitive damages against her former employer. Accordingly,

---

[1] Rule 103(c) provides: "In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury."

[2] Rule 611(a) provides: "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

comments by counsel during open statements or at any other portion of the trial which reference punitive damages can only serve to inflame the passions of the jury into believing there was grievous conduct by Fleet which would merit punitive damages.

Inasmuch as such comments would serve no useful purpose and would only lead to jury confusion, Defendant respectfully requests that this Court enter an Order prohibiting counsel and witnesses from discussing punitive damages unless and until the jury returns a verdict indicating that it believes Defendant Fleet's actions rose to such a level as to merit an award of punitive damages. If the jury should return such a verdict, then, and only then, should Plaintiff be allowed to introduce evidence regarding the financial condition of Defendant Fleet, in a separate part of the trial apart from the jury's determination of liability and non-punitive damages.

WHEREFORE, Defendant respectfully requests this Court to enter an Order prohibiting counsel and witnesses from discussing punitive damages during the liability portion of this case.

THE DEFENDANT
FLEET NATIONAL BANK

By: */signature/*
Janet M. Helmke (ct09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103-2715
(860) 525-5065
(860) 527-4198 (fax)

George P. Kostakos (ct22479)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was served by United States mail, first-class, postage prepaid, this 10th day of October 2003, to:

The Plaintiff
c/o Susan M. Phillips, Esquire
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
New London, CT  06320

                                                    _____
                                                       Janet M. Helmke