UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

    Plaintiff,

v.

Civil Action No.
3:00 CV 2067 (JCH)

FLEET NATIONAL BANK,

    Defendant.

October 10, 2003

**DEFENDANT FLEET NATIONAL BANK'S
MOTION <u>IN LIMINE</u> TO EXCLUDE EVIDENCE OF
<u>FRONT PAY DAMAGES FROM CONSIDERATION BY JURY</u>**

Defendant, Fleet National Bank ("Fleet"), moves this Court for an Order precluding the plaintiff, Patricia Carpenter ("Plaintiff"), from introducing into evidence for consideration by the jury any evidence of front pay damages claimed by Plaintiff. In support of this Motion, Fleet states the following:

1. In her Complaint, Plaintiff asserts age discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA") and the Connecticut anti-discrimination statute, codified at Conn. Gen. Stat. § 46a-60. A true and correct copy of Plaintiff's Complaint is attached hereto as <u>Exhibit A</u>. These claims arise out of the termination of Plaintiff from her position as a Sales and Service Representative at Fleet's Moosup, Connecticut branch.

2. As a remedy for these claims, Plaintiff seeks, in part, damages for expected loss of front pay she claims she would have earned had she remained employed by the Defendant Fleet. See Complaint, Prayer for Relief, ¶ 2.

3. It is expected that Plaintiff will attempt to introduce at trial evidence of front pay damages. Decisions regarding the propriety of front pay awards, however, fall within the sound discretion of the district court. Dominick v. Consolidated Edison Co. of NY, 822 F.2d 1249 (2d Cir. 1997) (ADEA case); Banks v. Travelers Co., 180 F.3d 358, 364 (2d Cir. 1999); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2d Cir.1993); Greenway v. Buffalo Hilton Hotel, 951 F. Supp. 1039, 1063 (W.D.N.Y. 1997); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 727-28 (2d Cir.1984).

4. Application of the relevant case law to the facts of this case establishes that this Court must preclude Plaintiff from introducing into evidence for consideration by the jury any evidence of front pay damages sought by Plaintiff. Rather, the issue of front pay damages falls within the sole discretion of the district court.

Accordingly, Fleet requests that this Court grant Fleet's Motion in Limine to Exclude Evidence of Front Pay Damages from Consideration by the Jury.

THE DEFENDANT
FLEET NATIONAL BANK

By: *[signature]*
Janet M. Helmke  (ct09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT  06103-2715
(860) 525-5065
(860) 527-4198 (fax)

George P. Kostakos (ct22479)
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI  02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was served by first-class mail, postage prepaid, this 10th day of October 2003, to:

The Plaintiff
c/o Susan M. Phillips, Esquire
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
New London, CT  06320

*[signature]*
Janet M. Helmke

# SUMMONS - CIVIL
(Except Family Actions)
JD-CV-1 Rev 6-98
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

## STATE OF CONNECTICUT
## SUPERIOR COURT

**"X" ONE OF THE FOLLOWING:**
Amount, legal interest or property in demand, exclusive of interest and costs is:
- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [X] $15,000 or more

("X" if applicable)
- [ ] Claiming other relief in addition to or in lieu of money or damages.

### INSTRUCTIONS
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | | |
|---|---|---|
| [X] JUDICIAL DISTRICT [ ] HOUSING SESSION [ ] G.A. NO. | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) Putnam | RETURN DATE (Mo., day, yr.)(Must be a Tuesday) October 17, 2000 |
| ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code)(C.G.S. 51-346, 51-350) 155 Church Street, P.O. Box 191, Putnam, CT 06260 | | CASE TYPE (See back) Major M Minor 90 |
| | | TELEPHONE NUMBER (860) 928-7749 |

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) NOTE: Individuals' Names: Last, First, Middle Initial | | |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | Carpenter, Patricia A., 3 Charles Street, Plainfield, CT 06374 | [ ] Form JD-CV-2 attached | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED DEFENDANT | Fleet National Bank, Inc., 28 Main Street, Moosup, CT 06354 | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| Additional Defendant | | | 53 |

## NOTICE TO EACH DEFENDANT
1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 9-29-00 | SIGNED (Sign and "X" proper box) [signature] | [X] Comm. of Superior Court [ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Susan M. Phillips |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) Suisman, Shapiro, et al., P.O. Box 1591, New London, CT 06320 | TELEPHONE NUMBER (860) 442-4416 | JURIS NO. (if atty. or law firm) 62114 |
|---|---|---|
| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code) Anna L. Hansen, P.O. Box 1591, New London, CT 06320 | | SIGNATURE OF PLAINTIFF IF PRO SE |
| # PLFS 1 | # DEFS 1 | # CNTS 1 | SIGNED (Official taking recognizance; "X" proper box) [signature] | [X] Comm. of Superior Court [ ] Assistant Clerk | For Court Use Only FILE DATE |

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A TRUE AND ATTESTED COPY
[signature]
DEPUTY SHERIFF
WINDHAM COUNTY

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 17, 2000 | § | SUPERIOR COURT |
| PATRICIA A. CARPENTER | § | J.D. OF WINDHAM |
| VS. | § | AT PUTNAM |
| FLEET NATIONAL BANK, INC. | § | SEPTEMBER 29, 2000 |

## COMPLAINT

1. The plaintiff, Patricia Carpenter, is a sixty-two year old female, born on December 3, 1937, and is a resident of Plainfield, Connecticut.

2. Defendant, Fleet National Bank, Inc., is a corporation doing business in the State of Connecticut with its principal Connecticut office in Hartford. At all times relevant to this Complaint defendant maintained a branch office in Moosup, Connecticut, where the plaintiff was employed.

3. Plaintiff began employment at the Moosup branch of Connecticut Bank and Trust (CBT) in 1976 as a part-time teller. She was continuously employed by Connecticut Bank and Trust until it was acquired by the Bank of New England.

4. Plaintiff's employment with Bank of New England continued until it was acquired by Fleet Bank in 1991. At the time of the acquisition plaintiff's position was that of Sales and Service Representative.

5. Plaintiff obtained the title Senior Sales and Service Specialist in 1997.

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 300, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62116

6. At all time during her employment with CBT, Bank of New England and Fleet Bank, plaintiff received positive performance evaluations and several promotions. From 1976 through the summer of 1998, plaintiff was never disciplined by her employer.

7. On or about October 27, 1998, plaintiff's employment with Fleet Bank was terminated on the alleged grounds that she had violated the internal employee transaction policy and had falsified bank records during the summer and fall of 1998.

8. The alleged grounds for termination were not true.

9. Plaintiff was terminated from employment at Fleet Bank because of her age, which was sixty (60) at the time of her termination.

10. Similarly situated employees who were under the age of sixty (60) violated Fleet Bank's internal employee transaction policy during the summer and fall of 1998 and were not terminated.

11. On or about March 22, 1999, plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging that the defendant had engaged in unlawful discriminatory practices relating to her employment on account of her age, in violation of the Connecticut Fair Employment Practices Act, Connecticut General Statutes §46a-51 et. seq., and the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.

12. On or about July 17, 2000, the plaintiff received a Release of Jurisdiction pursuant to Connecticut General Statutes §46a-101 permitting the plaintiff to bring a civil action against the defendant as her complaint was still pending before the Commission more than two hundred and ten (210) days after filing the complaint. The plaintiff was advised that she had ninety (90) days to bring the civil suit. Thereafter, on or about August 11, 2000, the plaintiff received a Right to Sue Notice from the Equal Employment Opportunity Commission. The plaintiff was advised that her case was being closed as it was pending more than one hundred and eighty (180) days following the filing of the charge and that she had ninety (90) days to bring suit. The plaintiff files this action within the respective ninety (90) day periods and has complied in all respects with conditions precedent to the bringing of this lawsuit.

13. The plaintiff was discriminated against by defendant Fleet Bank on account of her age in violation of 29 U.S.C. §623 and Connecticut General Statutes §46a-60 in that defendant terminated her employment because of her age.

14. Defendant's discrimination exhibited a willful disregard to plaintiff's right to be treated in the same non-discriminatory fashion as employees who were younger than she.

15. Plaintiff has suffered a permanent injury to her professional reputation and prospects for future employment, including the inability of finding comparable employment. Plaintiff has also suffered emotional distress, inconvenience, annoyance, anxiety, humiliation and depression from the discriminatory termination. Plaintiff's damages are continuing in nature.

**WHEREFORE**, plaintiff demands judgment against the defendant as follows:

1. An award of back pay plus all fringe benefits, plus interest at the legal rate pursuant to 29 U.S.C. § 626 and Connecticut General Statutes §46a-104.

2. An order reinstating the plaintiff to her position at Fleet Bank or front pay in lieu of such reinstatement pursuant to 29 U.S.C. § 626 and Connecticut General Statutes § 46a-104.

3. Reasonable attorneys fees as provided for by 29 U.S.C. § 626 and Connecticut General Statutes §46a-104.

4. Fair, just and reasonable compensatory damages sufficient to compensate plaintiff for her losses pursuant to Connecticut General Statutes §46a-104.

5. Punitive damages pursuant to Connecticut common law and Connecticut General Statutes §46a-104.

6. Liquidated damages pursuant to 29 U.S.C. §626(b).

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 104, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL (860) 442-4416   JURIS NO. 62110

7. Such other and further relief as are deemed appropriate by the court.

PLAINTIFF
PATRICIA A. CARPENTER

By: _____
Susan M. Phillips, of
Suisman, Shapiro, Wool, Brennan, Gray
& Greenberg, P.C.
Her Attorneys

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 17, 2000 | § | SUPERIOR COURT |
| PATRICIA A. CARPENTER | § | J.D. OF WINDHAM |
| VS. | § | AT PUTNAM |
| FLEET NATIONAL BANK, INC. | § | SEPTEMBER 29, 2000 |

### STATEMENT OF AMOUNT IN DEMAND

The amount in demand is more than $15,000, exclusive of costs and attorneys fees.

PLAINTIFF
PATRICIA A. CARPENTER

By: _____
Susan M. Phillips, of
Suisman, Shapiro, Wool, Brennan, Gray
& Greenberg, P.C.
Her Attorneys

Q:\LE\J0739\Complaint.wpd

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 17, 2000 | § | SUPERIOR COURT |
| PATRICIA A. CARPENTER | § | J.D. OF WINDHAM |
| VS. | § | AT PUTNAM |
| FLEET NATIONAL BANK, INC. | § | SEPTEMBER 29, 2000 |

## DEMAND FOR A JURY TRIAL

The plaintiff hereby requests a trial by jury on all claims properly tried to a jury.

PLAINTIFF
PATRICIA A. CARPENTER

By: *[signature]*
Susan M. Phillips, of
Suisman, Shapiro, Wool, Brennan, Gray
& Greenberg, P.C.
Her Attorneys

*[signature]*

C:\LE\J0738\Complaint.wpd

SUISMAN, SHAPIRO, WOOL, BRENNAN, GRAY & GREENBERG, P.C.   THE COURTNEY BUILDING, SUITE 200, 2 UNION PLAZA, POST OFFICE BOX 1591
NEW LONDON, CONNECTICUT 06320   TEL. (860) 442-4416   JURIS NO. 62114