UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

        Plaintiff,

v.

FLEET NATIONAL BANK,

        Defendant.

Civil Action No.
No. 3:00 CV 2067 (JCH)

OCTOBER 10, 2003

### DEFENDANT FLEET NATIONAL BANK'S MOTION IN LIMINE TO PROHIBIT COMMENTS OR TESTIMONY REGARDING DEFENDANT'S FINANCIAL WORTH

Defendant Fleet National Bank ("Fleet" or "Defendant"), pursuant to Federal Rules of Evidence 103(c)[1] and 611(a)[2], moves this Court to exclude comments or evidence regarding the net worth of Defendant Fleet, and any parent, subsidiary or related entities. As grounds for this Motion, Defendant states as follows:

The financial worth of Fleet is of absolutely no relevance to the issues in this case. As such, introduction of evidence or comments by counsel regarding the net worth of Fleet or any other financial matters of Fleet would be irrelevant and should be prohibited pursuant to Federal

---

[1] Rule 103(c) provides: "In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury."

[2] Rule 611(a) provides: "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment

Rule of Evidence 401. See <u>Garcia v. Sam Tanksley Trucking, Inc.</u>, 708 F.2d 519, 522 (10th Cir. 1983) (Reference to wealth or poverty of parties, or reflection on financial disparity, is improper). See also <u>Consorti v. Armstrong World Indus., Inc.</u>, 72 F.3d 1003 (2d Cir. 1995); <u>Merrill v. United Air Lines, Inc.</u>, 288 F.2d 218 (2d Cir. 1961). Unless and until Plaintiff makes the requisite showing that she is entitled to punitive damages against Fleet, the jury should not be allowed to hear any information regarding Fleet's financial worth.

Further, F.R.E. 403 provides that relevant evidence may nevertheless be excluded if its probative value is substantially outweighed by, <u>inter alia</u>, the danger of unfair prejudice. As discussed above, evidence of Fleet's financial condition is not probative of any fact of consequence to the action and, for this reason alone, it should be excluded. However, to the extent that the Plaintiff can point to some manner in which Fleet's financial condition is relevant to her claims, any such probativity is substantially outweighed by the very real danger that Fleet would be unfairly prejudiced through the conveyance of any information concerning its financial condition to the jury. See <u>Garcia v. Sam Tanksley Trucking, Inc.</u>, 708 F.2d at 522 (reference to the wealth or poverty of parties, or reflection on financial disparity, is improper.) There is simply no legitimate reason for Fleet's financial condition to be broached at the trial of this action, and the unfair prejudice resulting from any such discussion within the hearing of the jury cannot be cured by a subsequent instruction. For all these reasons, the Defendant respectfully requests that

---

of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue

the Court order that any and all testimony, documentary evidence and mention of Fleet's financial condition be excluded from the trial of this action.

WHEREFORE, Defendant respectfully requests this Court to enter an Order prohibiting counsel or witnesses from commenting or testifying regarding the financial worth of Fleet.

THE DEFENDANT
FLEET NATIONAL BANK

By: /s/ Janet M. Helmke
Janet M. Helmke (ct09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103-2715
(860) 525-5065
(860) 527-4198 (fax)

George P. Kostakos (ct22479)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

---

embarrassment."

## CERTIFICATION OF SERVICE

      I hereby certify that a copy of the foregoing was served by first-class mail, postage prepaid, this 10th day of October 2003, to:

The Plaintiff
c/o Susan M. Phillips, Esquire
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
New London, CT  06320

                                                               Janet M. Helmke

PRV_606410_1/GKOSTAKOS