## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

        Plaintiff,

    v.

FLEET NATIONAL BANK,

        Defendant.

Civil Action No.
3:00 CV 2067 (JCH)

October 10, 2003

### DEFENDANT'S TRIAL MEMORANDUM

1. **Trial Counsel**:    For the Defendant: George P. Kostakos.

2. **Jurisdiction**:    This Court has federal question jurisdiction over the claims asserted under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA") pursuant to 28 U.S.C. § 1331, as well as pendent jurisdiction over any state law claims.

3. **Jury/Non-Jury**:    This case will be tried before a jury.

4. **Nature of Case**:    As Set Forth by the Defendant:    In her Complaint, Plaintiff asserts claims against defendant Fleet National Bank ("Defendant" or "Fleet") arising from her employment for age discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46(a)-51, et seq., and the ADEA.    The Defendant denies each and every one of these allegations and has

asserted several affirmative defenses thereto, including that Plaintiff failed to establish a prima facie case of age discrimination.

**5.    Defendant's Contentions:**  To succeed on her age discrimination claims, Plaintiff must prove that:  (1) she was a member of the protected class; (2) she was qualified for the position; (3) she was discharged; and (4) the discharge occurred under circumstances giving rise to an inference of age discrimination.  Defendant maintains that Plaintiff cannot establish a prima facie case of age discrimination, because she cannot establish she was discharged, and the discharge occurred under circumstances giving rise to an inference of age discrimination.

**6.    Legal Issues:**

(a)    Whether Plaintiff can establish a prima facie case of age discrimination under the ADEA and its state law counterpart, the CFEPA by showing that she was terminated or otherwise discriminated against because of her age.

(b)    Whether Plaintiff satisfied her ultimate burden of producing sufficient evidence to support a rational finding that the reasons offered by Fleet for her termination were false, and more likely than not, her age was the real and motivating reason for her discharge.

**7.    Voir Dire Questions:**  Attached as <u>Exhibit A</u> is the Defendant's proposed jury <u>voir dire</u>.

PRV_606343_1/GKOSTAKOS

## 8.    List of Witnesses:

For the Defendant:  Defendant anticipates calling the following witnesses at the trial of this matter.  A brief summary of the anticipated testimony is provided below.  For witnesses whose depositions were taken, Defendant reserves the right to address any topic about which testimony was provided during the deposition.  Defendant also reserves the right to call rebuttal witnesses not identified, and to call witnesses listed by Plaintiff, whether or not Plaintiff calls them at trial.

### A. Lay Witnesses:

(1)    John L. Blackwell,  Fleet Bank District Manager, Eastern Connecticut. Address:  Eastern District Office, 250 State Street, New London, CT  06320.  Mr. Blackwell is expected to testify regarding the circumstances of Plaintiff's job performance, the requirements of her position at the Moosup Branch, Fleet Bank policies, and the reasons for and circumstances of Plaintiff's termination.

(2)    Pamela Jean Hoyt, (Former) Operations Manger, Fleet Bank.  Address: 53 Maple Trail, Coventry, CT 06238.  Ms. Hoyt is expected to testify regarding the circumstances of Plaintiff's job performance, the requirements of her position at the Moosup Branch, Fleet Bank policies, and the reasons for and circumstances of Plaintiff's termination.

(3)    Brenda Jane Cohen.  Address:  10 Canterbury Road, Plainfield, CT 06374.  Ms. Cohen is expected to testify regarding the circumstances of Ms. Carpenter's employment with Fleet Bank.

(4)    Dina Pambuku, Senior Teller, Fleet Bank.  Address:  134 Valley View Road, Sterling, CT 06377.  Ms. Pambuku is expected to testify regarding the circumstances of Ms. Carpenter's employment with Fleet Bank, and Ms. Pambuku's adherence to Fleet policy.

(5)    Linda W. DeYoung,  Senior Employee Relations Consultant, Fleet Bank. Address:  30 East Shore Road, Ellington, CT 06029.  Ms. DeYoung is expected to

testify regarding the circumstances of Plaintiff's job performance, the requirements of her position at the Moosup Branch, Fleet Bank policies, and the reasons for and circumstances of Plaintiff's termination.

(6)    Lisa Ann Jancowski.  Address: 1 Phillips Street, Plainfield, CT 06374. Ms. Jancowski is expected to testify regarding the circumstances of Ms. Carpenter's employment with Fleet Bank.

(7)    Kusum Behari, (Former) Moosup Branch Manager, Fleet Bank.  Address: 5450 East Grandview Road, Scottsdale, AZ 85254.  Ms. Behari is expected to testify regarding the circumstances of Plaintiff's job performance, the requirements of her position at the Moosup Branch, Fleet Bank policies and Plaintiff's adherence to those policies, and the reasons for and circumstances of Plaintiff's termination.

(8)    Patricia Carpenter.  Address: 3 Charles Street, Plainfield, CT 06374.  Ms. Carpenter is expected to testify regarding her job performance, the requirements of her position at the Moosup Branch, Fleet Bank policies, and the circumstances of Plaintiff's termination.

(9).    Authentication Witnesses:    Various other witnesses necessary to authenticate documents and/or photographs.

B. Expert Witnesses:    None.

9.    **Exhibits:**    Attached as Exhibit B is a list of Defendant's proposed exhibits.    Defendant reserves the right to introduce any of Plaintiff's exhibits not introduced by Plaintiff and any rebuttal exhibits as necessary.

Pursuant to the Order of this Court, the Defendant will be prepared to discuss its objections to exhibits designated by Plaintiff at the time of the final pre-trial conference on October 16, 2003.

10.    **Deposition Testimony:**    Defendant does not, at this time, anticipate introducing at the trial of this matter deposition transcripts, and specific citation of

- 4 -

excerpts of testimony. Defendant anticipates introducing via videotape the trial deposition of Kusum Behari, currently a resident of Arizona. Defendant also reserves the right to read into evidence portions of the deposition transcripts of any defense witnesses who are not employed by Defendant at the time of trial and cannot be compelled to appear for purposes of testifying.

      **11.**    **Requests for Jury Instructions:**      Attached    as    <u>Exhibit</u>   <u>C</u>   are Defendant's proposed Requests for Jury Instructions.

      **12.**    **Anticipated Evidentiary Problems (Motions in Limine):**    Pursuant to the Order of this Court, the parties separately filed, with the Clerk's Office, motions <u>in limine</u> with memoranda of law concerning any anticipated evidentiary problems.

      **13.**    **Trial Time:**    Counsel estimates that it will take five (5) days to try this case.

      **14.**    **Further Proceedings:**    Defendant does not anticipate the need for any further proceedings prior to trial.

      **15.**    **Trial by Magistrate Judge:**    Defendant does not at this time consent to a trial of this case by a Magistrate Judge.

      **16.**    **Verdict Form:**    Attached as <u>Exhibit D</u> is the Defendant's proposed verdict form.

THE DEFENDANT
FLEET NATIONAL BANK

By: *Janet M. Helmke*

Janet M. Helmke (ct09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
(860) 525-5065
(860) 527-4198  (Fax)

George P. Kostakos (ct22479)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI  02903-2499
(401) 274-9200
(401) 276-6625 (Fax)

## CERTIFICATION OF SERVICE

This is to certify that a copy of the Defendant's Trial Memorandum was mailed this 10th day of October 2003, via United States mail, first class, postage prepaid, to:

The Plaintiff
c/o Susan M. Phillips
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box
New London, CT  06320

*Janet M. Helmke*

Janet M. Helmke

PRV_606343_1/GKOSTAKOS

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

PATRICIA A. CARPENTER,

        Plaintiff,

      v.

FLEET NATIONAL BANK,

        Defendant.

Civil Action No.
3:00 CV 2067 (JCH)

October 10, 2003

**PROPOSED JURY VOIR DIRE QUESTIONS
ON BEHALF OF THE DEFENDANT**

Defendant proposes the following <u>voir dire</u> questions for prospective jurors:

1.    State your age.

2.    State your occupation.
      -- For how long have you been in that line of work?
      -- By whom are you employed?
      -- For how long?
      -- What jobs did you hold previously?

3.    Would those of you who are unemployed or retired, please state the nature of your last employment.

4.    What is the highest level of schooling you completed?
      -- If you have a college or a graduate degree, what in?

PRV_606343_1/GKOSTAKOS

5.    What is your address?
      -- What neighborhood is that?
      -- How long have you lived there?


6.    What is your marital status?
      -- How many children do you have?
      -- How old are they?
      -- What are their occupations?
      -- Do any of them live at home?


7.    Do you know anyone connected with the plaintiff or the defendant?


8.    During this case you may hear testimony from some or all of the following
      witnesses and other individuals will be mentioned repeatedly.

      [Identify plaintiff's and defendant's witnesses and other principal actors]

            -- Do any of you know any of them?
            -- Have any of you heard of any of them?


9.    Have you, any member of your immediate family, or any close friend ever
      applied for employment or been employed by Fleet Bank?

            -- Please provide details as to the circumstances.


10.   Do you bank at Fleet or otherwise maintain checking or savings accounts
      with Fleet?

            -- Do you have any loans or mortgages with Fleet?

            -- What are your impressions of the store?

            -- Have you ever had any dispute or disagreement with anyone at
            Fleet?


PRV_606343_1/GKOSTAKOS

11.    Do you agree that a bank like Fleet has the same right to a fair trial as individuals, such as the plaintiff, Ms. Carpenter?

12.    Have you, any member of your immediate family, or any close friend ever been reprimanded or terminated from employment due to your performance?

       -- Please provide details as to the circumstances.

13.    Have you, any member of your immediate family, or any close friend ever been involved in a lawsuit or matter where any type of wrongful termination of employment was alleged?

       -- Please provide details as to the circumstances.

14.    Have you, any member of your immediate family, or any close friend ever been involved in a lawsuit or matter where any type of age, sex, race discrimination, disability discrimination or other employment discrimination of any kind was alleged?

       -- Please provide details as to the circumstances.

15.    Have you or a close relative ever been denied a job or a promotion, been disciplined at work, or been fired from a job?

16.    Have you or a close relative ever been denied a job or a promotion, been disciplined at work, or been fired from a job where you believed that it was due to your race, gender, age, national origin or disability?

17.    What effect did that experience have on you?

PRV_606343_1/GKOSTAKOS

18.   Would your experience prevent you from deciding this case impartially, not based on your feelings and experiences but, rather, on the evidence presented in this case?

19.   Are you or do you have any immediate relative or close friend who is a judge, law clerk, court attendant, clerk or part of the Court's personnel?

20.   Would you give any different weight to the testimony of a witness just because he or she is employed in a supervisory capacity or as a manager in a corporation?

21.   Would you weigh more heavily the testimony of a witness just because he or she is a medical professional?

22.   Have you ever served as a member of a jury?
      -- When and where did the trial take place; was the trial civil or criminal; what was the outcome; and who was the judge?

23.   Have you, any member of your immediate family, or any close friend ever been a witness in trial - whether civil, criminal or before a grand jury?

24.   Have you, any member of your immediate family or any close friend ever been a defendant in a case?

25.   Is there anything about the nature of this matter that would make it difficult for you to render a fair and impartial verdict?

26.   Do you have any obligations that require you to be at home or somewhere else at a certain time each day?

      -- Please provide details concerning these obligations.

PRV_606343_1/GKOSTAKOS

27.   Do any of you have any problems with your hearing?

28.   Would any of you prefer, for any reason, not to sit on this case?

      -- Provide details explaining these reasons.

29.   If you came to the conclusion that the plaintiff had not proven the liability of the defendant, by a preponderance of the evidence, but most of the jurors believed the defendants to be liable, would you change your vote only because you were in the minority?

30.   You have been very patient with us and We appreciate your thoughtfulness in answering these questions. I have only two more.

      -- Is there anything we did not ask you which would be helpful for us to know in deciding if this would be a good case for you to sit on?

      -- Now that you know a little bit about what this case is about, do you have any strong opinions about the nature of its subject matter?

      -- Now that you know a little about the case, would you like to sit as a juror on this case?

31.   Is there any other reason you can think of why you should not sit on this jury? Do you have any questions?

PRV_606343_1/GKOSTAKOS

THE DEFENDANT
FLEET NATIONAL BANK


By: _____
Janet M. Helmke (ct09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
(860) 525-5065
(860) 527-4198  (Fax)

George P. Kostakos (ct22479)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI  02903-2499
(401) 274-9200
(401) 276-6625 (Fax)

PRV_606343_1/GKOSTAKOS

## EXHIBIT B

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

       Plaintiff,

    v.

FLEET NATIONAL BANK,

       Defendant.

Civil Action No.
3:00 CV 2067 (JCH)

October 10, 2003

### LIST OF DEFENDANT'S TRIAL EXHIBITS

The following exhibits will be marked by the Defendant as full exhibits:

| Defendant's Exhibits | Date | Document |
|---|---|---|
| | 6/1/98 | Internal Employee Sign-Off Sheet |
| | | Diagram of Family Tree |
| | | Drawing of office |
| | 10/27/98 | Notification of Termination |
| | 4/28/99 | Internal Employee Transaction Policy |
| | 4/30/99 | Memorandum regarding Fleet Branch Quality Performance Standards |
| | 10/8/98 | Memorandum regarding Pat Carpenter |
| | 10/22/98 | Memorandum regarding Pat Carpenter |

PRV_606343_1/GKOSTAKOS

| | | |
|---|---|---|
| | | Screen Print outs regarding Claire L. Sonner |
| | 6/8/98 | Document entitled Account Maintenance & Policies |
| | | Signature cards of C. Sonner |
| | 4/28/98 | Internal Employee Transaction Policy – signed off by employees |
| | 6/29/98 | Memorandum regarding Pat Carpenter and Release of Confidential Information |
| | 8/16/98 | Memorandum regarding Pat Carpenter and Copy of signatures pasted on signature cards |
| | 6/22/98 | Performance Appraisal of Pat Carpenter |
| | | Personnel file of Pat Carpenter |
| | | Employee Information Handbook – 1995 |
| | | Employee Information Handbook – 1999 |
| | | Employee Information Handbook – 2000 |
| | | Transaction Receipts |
| | | 1996 Cost/Benefit Summary |
| | | Individual Income Tax Returns of Pat Carpenter (1995-1999) |
| | | Fleet Community Commitment Newsletter – Fall 1995 |
| | | A Guide to Working at Fleet – December 1995 |
| | | Code of Ethics and Business Practices |
| | 2/28/98 | Fax from Eric Hanson containing final results of February FIM Contest |

PRV_606343_1/GKOSTAKOS

| | | |
|---|---|---|
| | | FleetBoston Financial Savings Plan Summary Plan Description – Savings Plus |
| | | Fleet Financial Group, Inc. – Pension Plan Summary Plan Description |
| | | FleetBoston Financial Pension Plan (As Amended and Restated Effective January 1, 1997) |
| | | Fleet Financial Group, Inc. Savings Plan (As Amended and Restated Effective July 1, 1996 |
| | | Benefit Elections of Pat Carpenter 1991-1998 |

**THE DEFENDANT
FLEET NATIONAL BANK**

By _____
Janet M. Helmke  (ct09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT  06103-2715
(860) 525-5065
(860) 527-4198 (fax)

George P. Kostakos (ct22479)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI  02903-2499
(401) 274-9200
(401) 276-6625 (Fax)

- 15 -

## CERTIFICATION OF SERVICE

     This is to certify that on the 10th day of October, 2003 a copy of the foregoing has been sent via United States mail, first class, postage prepaid, to:

The Plaintiff
c/o Susan M. Phillips, Esquire
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT  06320

                                        Janet M. Helmke

- 16 -

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

        Plaintiff,

    v.

FLEET NATIONAL BANK,

        Defendant.

Civil Action No.
3:00 CV 2067 (JCH)

October 10, 2003

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendant Fleet Bank ("Fleet" or "Defendant"), submits this request to charge. Fleet has not submitted pretrial and post-trial general instructions as part of its request to charge because it assumes that the Court has its own instructions that it prefers. The specific charges and the special verdict form requested by Fleet are as follows:

PRV_606343_1/GKOSTAKOS

### Request No. 1 -- Nature of the Case
### and Elements of the Claim Generally

Plaintiff Patricia Carpenter claims that defendant Fleet National Bank discriminated against her based upon age in terminating him as Senior Sales and Service Representative at Fleet's Moosup, Connecticut branch. Fleet denies that it discriminated against Ms. Carpenter and says that it terminated her because she failed to adhere to Fleet policy, or to adequately perform the requirements of her position.

While the law prohibits discrimination in employment based on an employee's age, it does not prevent an employer from taking adverse action against an employee, including terminating the employee whatever the employee's age, when the adverse action is not based on the employee's age. In order for Ms. Carpenter to prevail, she must prove by a preponderance of the evidence that not only was age a reason but that it was a determinative factor in Fleet's decision to discharge her. Age is a determinative factor if Ms. Carpenter would not have been discharged except for her age.

For example, it is not enough for Ms. Carpenter to prove that Fleet's explanations for discharging her are false. I express no opinion on the issue of whether Fleet's explanations are true or false—that is for you to decide. If Ms. Carpenter established by a preponderance of the evidence that she was terminated because of her age. Along these same lines, the question before you is not whether Fleet or its management made a mistake or showed poor judgment in firing Ms. Carpenter. You

- 18 -

PRV_606343_1/GKOSTAKOS

are not to judge Fleet's wisdom or the correctness of its decision.  In other words, even if you would not have terminated Ms. Carpenter under these circumstances - - it would not matter.  Under the law, Fleet was entitled to make its decision to terminate Ms. Carpenter for a good reason, a bad reason, or no reason at all, so long as its decision was not motivated by her age.

Thus, for example, you are not to base your decision on whether you believe Fleet's policies are reasonable.  You cannot find for Ms. Carpenter simply because you believe that Fleet's policies are unwise or harsh.  The issue is not whether you believe Fleet's policies are fair but, instead, whether Ms. Carpenter has proven to you that he was terminated because of her age.

If Ms. Carpenter has failed to persuade you by a preponderance of the evidence that she was discharged because of her age, then you should find for Fleet.  If you find that he has not persuaded you by a preponderance of the evidence that her age was a determinative factor in Fleet's decision to discharge her, then you should also find for Fleet.

Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Seman v. Coplay Cement Co., 26 F.3d 429 (3rd Cir. 1994); Owen v. Thermatool Corp., 155 F.3d 137, 139 (2d Cir. 1998); St. Mary's Hosp. Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973); Thornley v. Penton Publishing, Inc., 104 F.3d 26 (2d Cir. 1997); Sutera v. Schering Corp., 73 F.3d 13 (2d Cir. 1995); Woroski v. Nashua Corp., 31 F.3d 105 (2d Cir. 1994); Song v. Ives Laboratories, Inc., 957 F.2d 1041 (2d Cir. 1992); Holland v. American Cyanimid Co., 895 F.2d 80 (2d Cir. 1990); Da Cunha v. Globe International Ltd., 199 WL 38177

PRV_606343_1/GKOSTAKOS

(S.D.N.Y. 1999); <u>Ruane v. Continental Casualty Co.</u>, 1998 WL 292103 (S.D.N.Y. 1998); <u>Herbst v. Children's Day Treatment Center & School, Inc.</u>, 1998 WL 142352 (S.D.N.Y. 1998); <u>Charette v. S.M. Flickinger Co.</u>, 806 F. Supp. 1045 (N.D.N.Y. 1992); <u>Ferrante v. American Lung Ass'n</u>, 90 N.Y.2d 623, 687 N.E.2d 1308, 665 N.Y.S.2d 25 (1997); <u>Miller Brewing Co. v. State Div. of Human Rights</u>, 66 N.Y.2d 937, 489 N.E.2d 745, 498 N.Y.S.2d 776 (1985); <u>Town of Lumberland v. New York State Div. of Human Rights</u>, 220 A.D.2d 631, 644 N.Y.S.2d 864 (3d Dep't 1996); <u>New York State Office of Mental Health v. New York State Div. of Human Rights</u>, 210 A.D.2d 686, 619 N.Y.S.2d 874 (3d Dep't 1995); <u>Ioele v. Alden Press, Inc.</u>, 145 A.D.2d 29, 536 N.Y.S.2d 1000 (1st Dep't 1989); 2 E. Devitt <u>et al.</u>, Federal Jury Practice and Instructions § 106.02 (4th ed. 1987); 3 L. Sand <u>et al.</u>, Modern Federal Jury Practice Instructions 88.02[4] (1996); Federal Employment Jury Instructions §§ 4:100, 4:110.

PRV_606343_1/GKOSTAKOS

### Request No. 2
### Direct v. Indirect Evidence

Ms. Carpenter must prove that his termination was "because of" his alleged disability by showing that her age played a motivating role in, or contributed to, Fleet's decision.  Ms. Carpenter may prove that the forbidden animus – here, disability– was a motivating factor through presentation of either "direct" or "indirect" (or "circumstantial") evidence.  Direct evidence of discrimination is evidence of remarks or actions that, if believed, would directly prove that Ms. Carpenter's disability was a motivating factor in Fleet's treatment of Ms. Carpenter.  Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that disability was a motivating factor in Fleet's treatment of Ms. Carpenter.

42 U.S.C. §12112(a); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993); Ostrowski v. Atlantic Mut. Ins. Companies, 968 F.2 171, 180 (2d Cir. 1992) quoting Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1186 (2d Cir.), cert. denied, 506 U.S. 826 (1992)); Windham v. Time-Warner, Inc., 275 F.3d 179, 187 (2d cir. 2001); Shaw v. Greenwich Anesthesiology Associates, P.C., 137 F.Supp.2d 48, 64-65 (D. Conn. 2001).

**Request No. 3**
**Plaintiff's Burden**

The burden of persuasion remains at all times with Ms. Carpenter.

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993) [citing Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 253 (1981)]; Scaria v. Rubin, 117 F.3d 728, 731 (2nd Cir. 1997); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993); citing Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 253 (1981); Scaria v. Rubin, 117 F.3d 652, 654 (2d Cir. 1997); Cousins v. Howell Corp., 113 F.Supp. 2d 262, 268 n.6 (D. Conn. 2000); Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997); Avalon Bay Communities, Inc. v. Town of Orange, 775 A.2d 284, 309 (Conn. 2001); Levy v. Comm. on Human Rights and Opportunities, 671 A.2d 349, 357 (Conn. 1996).

PRV_606343_1/GKOSTAKOS

**Request No. 4**
**Standard of Proof**

Ms. Carpenter must prove her age discrimination claim by a preponderance of the evidence.

O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311 (1996) (citing with approval an application of the analysis in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) to an ADEA claim); Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510 n.3, 113 S. Ct. 2742, 2748 (1993) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-253, 101 S. Ct. 1089, 1093 (1981)); Scaria v. Rubin, 117 F.3d 652, 653 (2d Cir. 1997).

PRV_606343_1/GKOSTAKOS

**Request No. 5**
**Standard of Proof**

Plaintiff must prove his or her ADEA claim by a preponderance of the evidence.

O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311 (1996) (citing with approval an application of the analysis in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) to an ADEA claim).

PRV_606343_1/GKOSTAKOS

### Request No. 6
### Direct vs. Indirect Evidence

Plaintiff may prove that her termination was because of" her age by showing that her age played a motivating role in, or contributed to, the employer's decision.

Plaintiff may prove that the forbidden animus – here, age – was a motivating factor through presentation of either "direct" or "indirect" (or "circumstantial") evidence.

Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993); Ostrowski v. Atlantic Mut. Ins. Companies, 968 F.2d 171 180 (2d Cir. 1992) (quoting Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1186 (2d Cir. 1992), cert. denied, 506 U.S. 826 (1992).

### Request No. 7
### *Prima Facie* Case

Plaintiff must establish a *prima facie* case of unlawful discrimination by showing that:

1. she is a member of the protected class, i.e., sheis age 40 or older,

2. who performed her job satisfactorily (or who was qualified for a new position),

3. who suffered an adverse employment action,

4. under circumstances giving rise to an inference of discrimination (or retaliation).

If Plaintiff establishes a *prima facie* case, a rebuttable presumption of discrimination arises, and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action.

If Defendant articulates a legitimate, nondiscriminatory reason for its actions, the presumption of discrimination is rebutted. Plaintiff must then show that it is more likely than not that the employer's proffered reason is in reality a pretext for unlawful discrimination.

St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11 (1993); Stratton v. Department for the Aging for the City of New York, 132 F.3d 869, 878-79 (2d Cir. 1997)

PRV_606343_1/GKOSTAKOS

## Request No. 8
### "Adverse Employment Action"

An adverse employment action is one that results in discrimination against an individual with respect to his or her compensation, terms, conditions or privileges of employment or that limits, segregates, or classifies employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee.

Age Discrimination in Employment Act, 29 U.S.C. § 623(a) (1997); Paolillo v. Dresser Indus., Inc., 865 F.2d 37 (2d Cir. 1989).

PRV_606343_1/GKOSTAKOS

**Request No. 9**
**Legitimate, Nondiscriminatory Reason**

Once Plaintiff successfully presents a *prima facie* case, which raises an inference of discrimination, the defendant employer may rebut that inference by articulating a legitimate, nondiscriminatory reason for its actions. The employer's defense must be designed to meet the *prima facie* case, and must be sufficient, on its face, to "rebut" or "dispel" the inference of discrimination that arises from proof of the *prima facie* case.

International Bd. of Teamsters v. United States, 431 U.S. 324, 360 n.46 (1977); Scaria v. Rubin, 117 F.3d 652, 654-55 (2d Cir. 1997)

PRV_606343_1/GKOSTAKOS

**Request No. 10**
**Business Judgment**

In considering Defendant's stated reason for discharging Plaintiff, you are not to secondguess the wisdom or reasonableness of defendant's business decisions.

Defendant had the right to terminate Plaintiff for any reason or no reason so long as age was not the real reason for the termination.

Renz v. Grey Advertising, Inc., 135 F.3d 217, 221 n.2 (2d Cir. 1997).

**Request No. 11**
**Unsatisfactory Job Performance**

Defendant has stated that Plaintiff was terminated because her overall job performance was unsatisfactory. This is a legitimate reason to terminate Plaintiff and it dispels any inference that the termination was improper, unless you find that the stated reason or determining factor for the termination was a pretext, i.e., a cover-up for age discrimination.

Golomb v. Prudential Ins. Co. of Am., 688 F.2d 547, 549-50 (7th Cir. 1982).

PRV_606343_1/GKOSTAKOS

**Request No. 12 -- Damages:**
**Charge on Damages Does Not Imply**
<u>**That They Are Appropriate**</u>

The fact that I will now instruct you as to the proper measure of damages should not be considered as intimating that I have a view as to which party is entitled to your verdict in this case.  Instructions as to measure of damages are given for your guidance in the event that you do find in favor of Ms. Carpenter in accordance with my other instructions.

3 E. Devitt, <u>et al</u>., Federal Jury Practice and Instructions, § 74.02 (4th ed. 1987).

PRV_606343_1/GKOSTAKOS

### Request No. 13 -- Damages:
### Compensatory Damages -- Generally

If you find by a preponderance of the evidence that age was a determinative factor in Fleet's decision to discharge her, you may award Ms. Carpenter compensatory damages to reimburse her for the monetary loss, if any, which you find that she actually suffered as a result of Fleet's discrimination. If you find that Ms. Carpenter has not persuaded you by a preponderance of the evidence that her age was a determinate factor in Fleet's decision to discharge her, you will not reach the issue of damages.

Ms. Carpenter has the burden to prove all damages to which she claims an entitlement by a preponderance of the evidence. If you find for Ms. Carpenter but do not find that she has established by the preponderance of the evidence that she has suffered any actual damages, then you may not award her any money.

You are not permitted to award speculative damages. So, you are not to include in any award compensation for any prospective loss, which, although possible, is not reasonably certain to occur in the future.

3 L. Sand et al., Modern Federal Jury Practice Instructions 88.02[5] (1996).

PRV_606343_1/GKOSTAKOS

### Request No. 14 -- Damages:
### Back Pay and its Measurement

If you find that Fleet unlawfully discriminated against Ms. Carpenter on the basis of her age, then you may award her back pay; that is, the difference, if any, between the compensation that Ms. Carpenter would have earned at Fleet and the compensation that she actually earned from the date of his termination to the present. You must also deduct from a back pay award any amounts that she received upon his termination such as severance pay and accumulated sick and vacation pay.

EEOC v. Joint Apprenticeship Comm. of the Joint Indus. Bd. of the Elec. Indus., 164 F.3d 89 (2d Cir. 1998); Sands v. Runyon, 28 F.3d 1323 (2d Cir. 1994); Fox v. City Univ., 1999 WL 33875 (S.D.N.Y. 1999); Koyen v. Consolidated Edison, Inc., 560 F. Supp. 1161 (S.D.N.Y. 1983); Federal Employment Jury Instructions, § 4:1060.

- 33 -

## Request No. 15
## Back Pay and its Measurement

The remedy of back pay in a discriminatory discharge case is intended to compensate a plaintiff only for losses suffered as a result of defendant's discrimination, and does not extend to granting back pay for a period when a plaintiff would have been unable, due to an intervening cause, to continue employment.

Thornley v. Penton Pub., Inc..104 F.3d 26 (2d Cir. 1997); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 145 (2d Cir.1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1189, 127 L.Ed.2d 539 (1994).

PRV_606343_1/GKOSTAKOS

## Request No. 16
## Mitigation of Damages -- Back Pay

You should also deduct from an award of back pay whatever money or other benefits Ms. Carpenter actually obtained from other employment and any unemployment or Social Security benefits which she actually received during this period from any back pay which you might otherwise award.

In addition, a plaintiff may not sit idly by and be compensated. Rather, under the law, she must make reasonable efforts to find alternative comparable employment. Alternative comparable employment need not pay the same money, be in the same industry as or include the same job responsibilities as Ms. Carpenter's employment with Fleet. If you find that Fleet has proved that Ms. Carpenter failed to make such efforts or that she unjustifiably failed to take alternative comparable employment which was available to her, you should either subtract from Ms. Carpenter's damages any amount which she could have earned in such a new job or deny Ms. Carpenter any award for back pay for that period entirely.

3 L. Sand et al., Modern Federal Jury Practice Instructions 88.02[5] (1996); 2 E. Devitt, et al., Federal Jury Practice and Instructions, § 106.08 (4th ed. 1987); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998); Thornley v. Penton Publishing, Inc., 104 F.3d 26 (2d Cir. 1997); Dominic v. Consolidated Edison, Inc., 822 F.2d 1249 (2d Cir. 1987); Koyen v. Consolidated Edison, Inc., 560 F. Supp. 1161 (S.D.N.Y. 1983); Allender v. Mercado, 233 A.D.2d 153, 649 N.Y.S.2d 144 (1st Dep't 1996).

PRV_606343_1/GKOSTAKOS

**Request No. 17 --**
**Punitive Damages**

In addition to the compensatory damages just described, if you find for Ms. Carpenter and find from a preponderance of the evidence that the acts of Fleet were undertaken maliciously or in reckless disregard for her right to be free from discrimination, then you may, but are not required to, award Ms. Carpenter an additional amount as punitive damages.   An act is undertaken in reckless disregard of Ms. Carpenter's right to be free from discrimination when Fleet, or one or more of its employees, knew or should have known that the consequences of its actions would be to discriminate against Ms. Carpenter.

In fixing the amount, if any, of punitive damages, you should consider the following questions:

1.    How offensive was Fleet's conduct?

2.    How did Fleet's conduct impact Plaintiff?

3.    Does the amount of punitive damages have a reasonable relationship to the amount of actual damages awarded?

Sympathy for or dislike of any party should not influence your decision.

3 E. Devitt, et al., Federal Jury Practice and Instructions, §§ 104.07, 105.03, 106.06 (4th ed. 1987) (pocket part 1999); Federal Employment Jury Instructions, § _____; E.E.O.C. Policy Guide on Compensatory and Punitive Damages Under 1991 Civil Rights Act (B.N.A. 1992) at II(B)(1) and (2).

PRV_606343_1/GKOSTAKOS

**Request No. 18**
**Special Verdict**

Your foreperson will be provided with a verdict form.  You should follow the directions on the form and answer the questions in the order in which they appear.

PRV_606343_1/GKOSTAKOS

**EXHIBIT D**

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

       Plaintiff,

    v.

FLEET NATIONAL BANK,

       Defendant.

Civil Action No.
3:00 CV 2067(JCH)

October 10, 2003

### PROPOSED VERDICT FORM

1.    Did Ms. Carpenter prove, by a preponderance of the evidence, that his age was a determinative factor in Fleet's decision to terminate his employment?

       Yes _____       No _____

[If your answer to Question 1 is "No," you have found in favor of Fleet on this claim and are to proceed to Question 3. If your answer to Question 1 is "Yes," you have found in favor of Ms. Carpenter on this claim and are to proceed to Question 2.]

2.    (a)    State the amount of back pay damages, if any, which you have awarded to Ms. Carpenter. If you decide not to make an award, you will insert the word "none."

       $ _____

PRV_606343_1/GKOSTAKOS

Go to Question No. 2(b).

(b)    Did Ms. Carpenter prove, by a preponderance of the evidence, that she is entitled to punitive damages for her age discrimination claim?

Yes _____        No _____

[If your answer to Question 2(b) is "No," do not answer Question 2(c) and proceed to Question 3.  If your answer to Question 2(b) is "Yes," proceed to Question 2(c).]

(c)    What amount of punitive damages do you award Ms. Carpenter (if you decide not to make an award, you will insert the word "none" next to "Amount")?

Amount        $_____

Go to Question No. 3

3.    State the amount of damages for emotional distress, if any, which you have awarded to Ms. Carpenter.  If you decide not to make an award, you will insert the word "none."

Amount        $_____

Your deliberations are completed.

Dated: November ____, 2003

_____, Foreperson

- 39 -

## CERTIFICATION OF SERVICE

This is to certify that a copy of the Defendant's Trial Memorandum was mailed this 10th day of October 2003, via United States mail, first class, postage prepaid, to:

The Plaintiff
c/o Susan M. Phillips
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box
New London, CT  06320

_____
Janet M. Helmke

PRV_606343_1/GKOSTAKOS