FILED

2003 OCT 16  A 10: 27

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

PATRICIA A. CARPENTER          :    CIVIL ACTION
              Plaintiff,    :    NO. 300CV2067 (JCH)
   v.                          :
                            :
FLEET NATIONAL BANK, INC.      :
              Defendant    :    OCTOBER 15, 2003

---

### PLAINTIFF'S MOTION IN LIMINE
### TO PRECLUDE TESTIMONY OR DOCUMENTARY EVIDENCE
### REGARDING SONNER IRAS

Plaintiff, Patricia Carpenter, pursuant to Federal Rules of Evidence 103 (c) and 104 moves this Court to exclude from trial any testimony or documentary evidence concerning IRAs in the name of Claire Sonner and/or William Sonner. Defendant Fleet Bank has listed such evidence on its list of exhibits, and should be precluded from offering any such evidence on the basis that it is not relevant to any of the issues in this lawsuit, (see FRE 401 and 402) and, to the extent that there is marginal relevance, such relevance is substantially outweighed by the danger of confusion of the issues and causing undue delay and waste of time (See FRE 403).

Plaintiff understands that defendant intends to offer copies of printed out computer screens showing changes of the name of the owner of certain IRA accounts from Claire Sonner to William Sonner. Activity that took place on the IRA accounts was not referred to in the notice terminating Patricia Carpenter's employment (Plaintiff's Exhibit 5), nor in the memorandum Branch Manager Kusum Behari sent to District Manager John Blackwell (Plaintiff's Exhibit 7)

1

that purported to document substantiated breaches of policies and procedures by Patricia Carpenter prior to Carpenter's termination. Thus, it appears that the computer screen printouts and any discussion of the Sonner IRAs was not relevant to the termination decision.

Fleet Bank did introduce the computer screen printouts concerning the Sonner IRAs at the CHRO proceedings before this lawsuit was filed. None of Fleet's witnesses at that time, including Branch Manager Kusum Behari, could clearly explain what has happened to make William Sonner's name appear on Claire Sonner's IRA accounts. Further, when the computer screen printouts concerning the Sonner IRAs were shown, during a deposition, to Pamela Hoyt, Fleet's District Operations Manager who had reviewed documentation for Kusum Behari to confirm violation of bank policy, Pamela Hoyt indicated that she had never been shown these documents prior to Patricia Carpenter's termination.

In short, Fleet Bank did not rely on the Sonner IRAs in making the decision to terminate Patricia Carpenter, nor has it ever produced or identified a witness who can explain the significance of the computer screen printouts or testify that Patricia Carpenter intentionally brought about an improper change in those IRAs. Given these facts, documentary or testimonial evidence about the IRAs is irrelevant to these proceedings. Even if the IRAs were to deemed marginally relevant, it appears that the introduction of testimony about the IRAs will be confusing to the jury and will unnecessarily waste time in order to try to decipher what, if any, actions Patricia Carpenter took in connection with the IRAs.

WHEREFORE, plaintiff resepctfully requests this Court enter an order prohibiting any reference to, testimony about, or documentary evidence concerning the Sonner IRAs.

PLAINTIFF,
PATRICIA A. CARPENTER

By /s/ Susan M. Phillips
Susan M. Phillips (ct 15529)
Suisman, Shapiro, Wool, Brennan,
  Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
Telephone: (860) 442-4416
Fax: (860) 442-0495

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was served by overnight delivery, this 15th day of October, 2003 as follows:

George Kostakos
Edwards & Angell, LLP
2800 Financial Plaza
Providence RI 02903-2499

Ms. Janet M. Helmke
Edwards & Angell, LLP
90 State House Square
Hartford CT 06103-2715

_____
Susan M. Phillips