**RECEIVED**

OCT 15 2003

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**FILED**

2003 OCT 16 P 5:04

---

PATRICIA A. CARPENTER  :  CIVIL ACTION
         Plaintiff,  :  NO. 300CV2067 (JCH)
   v.  :
           :
           :
FLEET NATIONAL BANK, INC.  :
         Defendant  :  OCTOBER 14, 2003

---

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

1.  **TRIAL COUNSEL:**

    For Plaintiff:  Susan M. Phillips
                    Suisman, Shapiro
                    2 Union Plaza – Suite 200
                    P.O. Box 1591
                    New London, CT 06320
                    Ph: (860) 442-4416
                    Fx: (860) 442-0495
                    Cell: (860) 235-7136
                    e-mail: sphillips@sswbgg.com

2.  **JURISDICTION:**

    This is a case arising under the Age Discrimination in Employment Act (ADEA) and the Connecticut Fair Employment Practices Act (CFEPA). This Court has jurisdiction over the ADEA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626 (c) and over the CFEPA claim pursuant to 28 U.S.C. § 1367.

3.  **JURY:**

    This case is to be tried to a jury.

4.  **LENGTH OF TRIAL:**

    The plaintiff anticipates that this trial will take four (4) days.

5.  FURTHER PROCEEDINGS:

    The plaintiff currently contemplates the following possible pretrial motions:

    (1)  Motion to Permit Video Testimony of Julie Suggs and/or Steven Picard

    The plaintiff believes this motion may be necessary due to the fact that the former branch manager of Fleet's Moosup Branch, Julie Suggs, currently resides in Florida, where she is working on a 25% salary 75% commission basis. Ms. Suggs is concerned that traveling to Connecticut to testify may interfere with her wage earning ability. Thus, to accomodate Ms. Suggs, such a motion may be necessary. Likewise, Mr. Picard, a former Sales and Service Representative at the Mossup Branch resides and is employed in North Carolina. I may be necessary to allow video testimony to accommodate his personal and professional commitments as well.

    (2)  Motion for Continuance of Jury Selection

    Plaintiff's counsel, Susan M. Phillips, had planned a vacation and obtained airline tickets for travel between November 1st and November 5th. At this time this travel was arranged, Ms. Phillips was unaware that jury selection in this case was scheduled for November 3, 2003. As Ms. Phillips is trying this case alone, she plans to request a continuance of jury selection in order to prevent the need to disrupt her travel plans. Ms. Phillips would still like begin trial on November 12, 2003.

6.  NATURE OF CASE:

    As Set Forth by the Plaintiff:

    This is a one count complaint by the plaintiff, Patricia Carpenter, against the defendant, Fleet Bank, seeking monetary compensation for damages she incurred as a result of the wrongful termination of her employment at Fleet Bank on the basis of her age. The damages Ms. Carpenter seeks are the pay she would have earned at Fleet Bank from the date of her termination through the date of her intended retirement, and compensatory damages for the distress and anxiety she suffered as a result of her termination..

7.  TRIAL BY MAGISTRATE JUDGE:

    Plaintiff will consent to trial by a Magistrate Judge.

8.   LIST OF WITNESSES:

WITNESSES PLAINTIFF WILL CALL:

(1) Plaintiff, Patricia A. Carpenter
3 Charles Street
Plainfield, CT 06374

Ms. Carpenter will testify about her history working for Fleet Bank and its predecessors, the circumstances surrounding her termination, the distress she suffered as a result of her termination and her attempts to find replacement employment.

(2) Brenda Cohen
10 Canterbury Road
Plainfield, CT 06374

Ms. Cohen, who is Ms. Carpenter's daughter, will testify about her own experience working for Fleet Bank, about witnessing employees at Fleet Bank other than her mother violate the Internal Employee Transaction Policy, and about the distress her mother experienced as a result of the termination of her employment.

(3) Arthur Wright, Ph.D.   (Expert Witness)
Sazama & Wright
147 Hillyndale Road
Storrs Connecticut 06268

Dr. Wright will testify about his computation of the economic damages suffered by plaintiff, and the basis therefore. Enclosed as a separate document is an updated expert disclosure containing a biographical sketch, statement of the area of Dr. Wright's expertise and a summary of the basis for his opinion and the list of materials upon which he intends to rely, and information regarding Dr. Wright's compensation for his analysis and appearance in court as required by the Final Pre-Trial Order and Rule 26 of the Federal Rules of Civil Procedure.

(4) Julie Suggs
366 Hall Road
Geneva, FL 32732

Ms. Suggs is a former Branch Manager of Fleet's Moosup Branch. Ms. Suggs will testify about the lack of enforcement of the Internal Employee Transaction Policy during her tenure as Branch Manager and about other relevant aspects of branch management including use of the computer system and various "short cuts" to accomplish the goals requested by customers.

(5) Dina Pambuku
134 Valley View Road
Sterling, CT 06377

Ms. Pambuku is Ms. Carpenter's niece and has been employed at the Moosup Branch of Fleet Bank from 199_ through the present. Ms. Pambuku will testify about the variable enforcement of the Internal Employee Transaction Policy under different Branch Managers and about her own history of performing transactions for various family members including cousins, siblings and in-laws.

(6) Pamela Jean Hoyt
53 Maple Trail
Coventry, CT 06328

Ms. Hoyt is a former operations manager at Fleet Bank and reviewed the documentation supporting Ms. Carpenter's termination. Ms. Hoyt will testify as to the specific contours of the Internal Employee Transaction Policy.

WITNESSES PLAINTIFF MAY CALL:

(1) Lisa Jankowski
1 Phillips Street
Plainfiled, CT 06374

Ms. Jankowski, who is Ms. Carpenter's daughter, will testify about the distress her mother experienced as a result of the termination of her employment.

(2) Steven Picard
(address to be supplied)
North Carolina

Mr. Picard worked with plaintiff during the years 1995 through early 1998. He will testify about the nature of plaintiff's duties at Fleet Bank and the expectations of the Bank and Branch regarding the Internal Employee Transaction policy and relevant platform procedures.

DEFENDANT'S WITNESSES:

See Defendant's Pre Trial Memorandum dated October 10, 2003.

9.    DEPOSITION TESTIMONY

Plaintiff does not anticipate any witnesses testifying by deposition testimony.

10.    INTERROGATORIES/REQUESTS TO ADMIT

Plaintiff does not anticipate using any interrogatories or requests to admit of answers thereto as evidence for any purposes other than impeachment or cross-examination.

11.    EXHIBITS

Please see attached itemization of Plaintiff's Exhibits. Plaintiff reserves the right to introduce any of Defendant's proposed exhibits that have been identified but may not be offered into evidence and any necessary rebuttal exhibits.

12.    ANTICIPATED EVIDENTIARY PROBLEMS:

The plaintiff is concerned about the defendant's intent to introduce videotaped deposition testimony of Kusum Behari whose deposition was taken in connection with this action in June 2002, in Arizona, and was not videotaped and was specifically not taken for use at trial by stipulation of the undersigned and Gary Flannagan, attorney for the defendant.

Plaintiff will possibly request that Julie Suggs be allowed to testify by video from her state of residence, which is Florida. It will be determined by the end of October whether this will be necessary.

No motion regarding the foregoing is submitted at this time as the issues appear capable of resolution by discussion between the parties and the court at the pretrial conference.

Other than the above, plaintiff does not currently anticipate any evidentiary problems other than the issues identified in the accompanying motions in limine, which are described below.

13.    MOTIONS IN LIMINE:

Plaintiff will file the following Motions in Limine no later than the Pre-Trial Conference:

(1)    Motion in Limine to Preclude Introduction of Documents Concerning Claire Sonner IRA Accounts

(2)

14. GLOSSARY:

Not applicable.

15. TRIAL TO JURY:

(a) <u>Stipulated Facts</u>: Counsel have been unable to confer to discuss possible stipulation of uncontroverted facts. It remains possible that such stipulation will be possible.

(b)(1) <u>Proposed Voir Dire Questions</u>: Attached are Plaintiff's Proposed Voir Dire Questions.

(b)(2) <u>Proposed Jury Instructions</u>: Attached are Plaintiff's Proposed Jury Instructions to Supplement the Court's Standard Instructions in an Age Discrimination in Employment Case.

(b)(3) <u>Proposed Jury Interrogatories</u>: Plaintiff does not believe jury interrogatories are necessary in this case but has attached a proposed verdict form.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,
PATRICIA CARPENTER

By: _____
Susan M. Phillips
Fed. Bar No. ct15529
Suisman, Shapiro
2 Union Plaza – Suite 200
P.O. Box 1591
New London, CT 06320
Ph: (860) 442-4416
Fx: (860) 442-0495
Cell: (860) 235-7136
e-mail: sphillips@sswbgg.com

00133721.WPD; v.

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was served by overnight delivery, this 14th day of October, 2003 as follows:

George Kostakos
Edwards & Angell, LLP
2800 Financial Plaza
Providence RI 02903-2499

Ms. Janet M. Helmke
Edwards & Angell, LLP
90 State House Square
Hartford CT 06103-2715

_____
Susan M. Phillips

00133975.WPD; v.