RECEIVED

OCT 15 2003

FILED

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

2003 OCT 16 P 5: 04

---

PATRICIA A. CARPENTER          :     CIVIL ACTION
             Plaintiff,    :     NO. 300CV2067 (JCH)
     v.                :
                      :

FLEET NATIONAL BANK, INC.  :
            Defendant   :     OCTOBER 14, 2003

---

## LIST OF PLAINTIFF'S TRIAL EXHIBITS

| Plaintiff's Exhibit # | Document | Date of Document (as applicable) |
|---|---|---|
| 1 | Internal Employee Transaction Policy | April 28, 1998 |
| 2 | Internal Employee Transaction Sign-Off Sheet | June 1, 1998 |
| 3 | Internal Employee Transaction Policy Initialed by Patricia Carpenter on October 14, 1998 | |
| 4 | Pat Carpenter's Attendance Record 1998 | |
| 5 | Notification of Termination | October 27, 1998 |
| 6 | Memo from Behari to Blackwell re: Performance Concerns | October 8, 1998 |
| 7 | Memo from Behari to Blackwell, DeYoung and Evans | October 22, 1998 |
| 8 | Packet of Performance Appraisals for Patricia Carpenter 1993 through 1998 | |

## CERTIFICATION

I hereby certify that a copy of the foregoing was served by overnight delivery, this 14th day of October, 2003 as follows:

George Kostakos
Edwards & Angell, LLP
2800 Financial Plaza
Providence RI 02903-2499

Ms. Janet M. Helmke
Edwards & Angell, LLP
90 State House Square
Hartford CT 06103-2715


Susan M. Phillips

00134034.WPD; v.

**RECEIVED**

OCT 15 2003

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

--------------------------------------------------------

PATRICIA A. CARPENTER        :      CIVIL ACTION
               Plaintiff,    :      NO.  300CV2067 (JCH)
      v.                 :
                          :
                          :
FLEET NATIONAL BANK, INC.     :
               Defendant    :      OCTOBER 14, 2003

--------------------------------------------------------

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

### A.    Plaintiff's Proposed Voir Dire Questions

1.     Do you know any of the lawyers or law firms involved in this case, and/or have you or any close friend or relative ever been a client of either of the law firms?

      a.     If so, please explain the nature of the relationship and state whether you have any feelings that would make it difficult for you to fairly and objectively render a verdict for or against that lawyer's client.

2.     Do you know the plaintiff in this case, Patricia A. Carpenter?

      a.     If so, please explain how you know him and state whether you have any feelings that wold make it difficult for you to fairly and objectively render a verdict for or against Mr. Parsons.

3.     Have you or any close friends or relatives ever been employed by defendant Fleet Bank?

      a.     If so, please state who was employed by Fleet Bank, describe the position held, state when and in what capacity you or your friend or relative was employed by the company.

4.     Do you bank at Fleet Bank, have any accounts with Fleet Bank, or receive other financial services from Fleet Bank?  This would include having savings or checking account, having a mortgage through Fleet Bank, or receiving investment services from Fleet Bank.

      a.     If so, please explain the nature of the relationship and state whether you have any feelings that would make it difficult for you to fairly and objectively render a verdict for or against Fleet Bank.

5.     Do you or any close friends or relatives have any other financial interest in Fleet Bank?

        a.     If so, please explain the nature of the relationship and state whether you have any feelings that would make it difficult for you to fairly and objectively render a verdict for or against Fleet Bank.

6.     Do you know any of the intended witness [list all witness and their address] or have you heard of them?

        a.     If so, please explain how you know him or her and/or what you have heard about him or her and state whether you have any feelings that would make it difficult for you to fairly and objectively evaluate testimony from that person.

7.     Are you currently employed?  If so, where are you currently employed?  What is your current position?  How long have you held that job?  How long have you been employed by your current employer?

8.     Have you or any member of your family or any close friend ever been employed in the personnel field for any business or corporation, or any division of government?

    a.     If so, please state when you or the family member held the position and describe the nature and duties of the position.

9.     Have you ever been a supervisor or manager of other employees?

        a.     If so, please describe your position and your duties in that position, and please state when you held that position.

10.    Have you ever discharged or laid off an employee or been involved in making a decision to discharge or lay off an employee?

        a.     If so, please describe the circumstances and explain what your role was in making that decision.

11.    Have you ever been fired or laid off?

        a.     If so, please describe the job, state how long you had held the position, and describe the circumstances of your layoff or discharge.

- 2 -

12.    Have you or any close friend or relative ever been accused of discriminating against another person or of unfairly terminating someone's employment?

      a.    If so, please describe the circumstances of such accusation.

13.    Do you have any opinion about employees who bring lawsuits against their employers?

14.    Have you or any close friend or relative ever been involved in a lawsuit either as a party, a witness or a juror?

      a.    If you were a party, were you a plaintiff or a defendant?  What type of case?  What was the result?

      b.    If you were a witness, what type of case?  Which side did you testify for?  What was the result?

      c.    If you were a juror, did the case go to a verdict?  What type of case?  What was the verdict?

15.    Have you or any close friend or family member ever been a witness in any kind of an employment dispute - even if it did not go to court?  What was the result?

16.    Do you have any opinion about people who bring or become involved in complaints of age discrimination?

17.    Do you have any opinion about the work capacity of older people?  Do you feel they should be entitled to protection against work place discrimination?

18.     Would you have any difficulty awarding a substantial amount of money to the plaintiff if you were satisfied that she was entitled to that amount of money under the law?

19.     Would you have any difficulty awarding the plaintiff damages for emotional distress if you were satisfied that she was entitled to them?

20.     Do you have any commitments which would keep you from serving on the jury in this case?  Please explain.

21.     Do you want to serve as a juror on this case?

22.     Can you think of any reason why you should not serve as a juror on this case?

RESPECTFULLY SUBMITTED,
THE PLAINTIFF
PATRICIA CARPENTER

By:    _____

Susan M. Phillips
Suisman, Shapiro
2 Union Plaza – Suite 200
P.O. Box 1591
New London, CT 06320
Ph: (860) 442-4416
Fx: (860) 442-0495

00134052; v.                              - 4 -

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was served by overnight delivery, this 14th day of October, 2003 as follows:

George Kostakos
Edwards & Angell, LLP
2800 Financial Plaza
Providence RI 02903-2499

Ms. Janet M. Helmke
Edwards & Angell, LLP
90 State House Square
Hartford CT 06103-2715

_____
Susan M. Phillips

RECEIVED

OCT 15 2003

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------------

PATRICIA A. CARPENTER           :      CIVIL ACTION
             Plaintiff,   :      NO.  300CV2067 (JCH)
       v.                  :
                        :
                        :

FLEET NATIONAL BANK, INC.   :
             Defendant   :      OCTOBER 14, 2003

------------------------------------------------------

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

1.    **GENERAL PRINCIPLES OF AGENCY** (Supplement to Court's Standard Instructions)

One of the Defendants in this action is a banking institution, a kind of corporation, and acts through its employees. A corporation is liable for the acts of an employee if the employee is a representative with authority, acting within the scope of her employment. An employee is considered a representative of his employer if he is acting on behalf of the corporation and is subject to the corporation's control. If you determine based on the fair preponderance of the evidence that Fleet Bank, as a corporation, gave the certain individuals, Kusum Behari, Linda DeYoung and John Blackwell general authority to act for it in dealing with the Plaintiff, and that they, acting in the scope of their employment, violated the law, then Defendant Fleet Bank is liable for their acts.

It may seem to you somewhat strange that Fleet Bank could be held liable for conduct on the part of an individual employee which the corporation did not authorize and of which it might not be aware. It is, however, established law that under certain circumstances an employer may be liable for the wrongs, even wilful wrongs, done by its representatives if the wrongs are

committed during the scope of the employees' employment duties and in furtherance of the employer's business. The employer's liability rests upon a broad principle of public policy, that if a corporation prefers to manage its affairs through another, the corporation is bound to manage them in such a way that no person shall suffer injury from a wrong done by that other, while engaged upon the employer's business and acting within the scope of her employment.

The issue you must consider is the relationship between the wrong allegedly committed by the employee, and the work the employee was hired to do. If you find that the wrong was the result of the employee's attempt to carry out the work entrusted to him, then Defendant Fleet Bank is liable for any harm. The fact that the employee was not specifically authorized to commit the act, or the fact that he was violating instructions which had been given to him does not relieve Defendant Fleet Bank from liability.

To summarize, a corporation is liable for the wrongful acts of its representatives when they are committed within the employees' scope of the employment and in the furtherance of the employer's business. If you find such a situation, I charge you that the wrongful acts by an employee which were not specifically authorized or which were motivated by personal animosity or malice do not relieve Defendant UPS from liability for the resulting injuries.[1]

---

[1] See Devitt & Blackmar, 3 Federal Jury Practice & Instructions, § 71.09 at 26 (4th ed. 1987); Wright, FitzGerald, and Ankerman, Conn. Law of Torts § 63, n. 8 at 161-64 (3rd ed. 1991); Rich-Taubman Assoc. v. Comm'r of Revenue Services, 236 Conn 613, 619, 624, 674 A.2d 805 (1996); Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 500-501, 656 A.2d 1009 (1995); A-G Foods Inc. v. Pepperidge Farm Inc., 216 Conn. 200, 208, 209-10, 529 A.2d 69 (1990); Cardona v. Valentin, 160 Conn. 18, 22, 273 A.3d 697 (1970); Pelletier v. Bilbiles, 154 Conn. 544, 548 (1967); Son v. Hartford Ice Cream Co., 102 Conn. 696, 699, 129 A. 778 (1925); Stickney v. Epstein, 100 Conn. 170, 178-79, 123 A.I (1923); Bank of Montreal v. Gallo, 3 Conn. App. 268, 273, 487 A.2d 1401 (1985), appeal denied, 195 Conn. 803, 491 A.2d 1103 (1985).

- 2 -

## 2.    AGE DISCRIMINATION/ADEA

As I told you, the Plaintiff's claims are brought under a federal law which is entitled the Age Discrimination in Employment Act and referred to as the "ADEA." The ADEA provides that it is unlawful for an employer to discriminate against, discipline or discharge an individual who is forty years of age or older because of age.

The ADEA does not require an employer to give special, favorable treatment to employees who are forty years of age or older.    Rather, employers are to make employment decisions affecting their employees without regard to an individual's age. Under the ADEA, the age of an employee is to have a neutral status.

The purpose of the ADEA is to prevent employment discrimination based on age.  Simply because an employer takes unfavorable action toward an employee who is forty years of age or older does not mean that an act of age discrimination has taken place.  Under the ADEA, an employer can discharge or take other employment against employees who are forty years of age or older, as long as it does not discriminate against employees based on age.

In these instructions I have used the age forty because the ADEA prohibits discrimination against employees age forty or over.  That does not mean however, that the Plaintiff must show that Fleet Bank discriminated against all of its employees who are 40 years of age or older.  It also does not mean that the ADEA only prohibits the employer from favoring employees who are younger than 40.  The ADEA also prohibits employers from discriminating against employees over 40 in favor of *any* substantially younger employees.  For example, under the ADEA an employer may not discriminate against a 55-year old in favor of a 45-year old employee, because of those employees' ages.

- 3 -

Patricia Carpenter has claimed that she was discriminated against on the basis of her age when Fleet Bank terminated her employment on October 27, 1998. In presenting her case, the Plaintiff is not required to produce direct evidence that she was terminater based on her age. Employers rarely admit that they have terminated someone from employment for a reason expressly forbidden by law. Unlawful discrimination, when it exists, is rarely admitted. Rather it is a fact that may be inferred from the existence of other facts - that is, it may be proven through circumstantial evidence. Your role as jurors will be to analyze all of the facts and circumstances and to determine, based upon a preponderance of the evidence, whether age was a motivating factor in the Defendant's decision to terminate Patricia Carpenter. Mr. Parsons.[2]

A motivating factor is a factor that makes a difference in the Defendant's decision, played a part in the Defendant's decisions, or was a consideration that moved the Defendant toward its decision. In order to prove that he was transferred because of his age, Patricia Carpenter must show that it is more likely than not that her age was a motivating factor in the Defendant's decision. Patricia Carpenter does not have to prove that age was the sole or exclusive factor motivating the Defendant's decision. While her age may have been one of a number of factors that motivated Fleet Bank's decision to terminate her, it is enough for Patricia Carpenter to show that age played some role in the decision.

---

[2] Price Waterhouse v. Hopkins, 490 U.S. 228, 250-2, 109 S.Ct. 1775, 1791 (1989) (plurality opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S.Ct 1307 (1996); Ostrowski v. Atlantic Mut. Ins. Companies, 968 F.2d 171, 180-1 (2d Cir. 1992); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir. 1995); Rose v. James River Paper Company, 2 F.Supp 2d 245, 250 (D.Conn. 1998).

- 4 -

In assessing the circumstantial evidence in order to determine whether the Defendant's motive for the termination was age, you may consider whether the reasons offered by the Defendant for its actions are believable or whether they are a pretext, or cover-up, for what in truth is age discrimination. If you find that the Defendant's reasons are not worthy of belief, this may be sufficient to establish that the Defendant's actions were taken for reasons of age, and allow you to conclude that, when coupled with other evidence, the Plaintiff has proven her case.[3]

As jurors, it is your job to decide, based on all the evidence presented, whether or not the Plaintiff has proven that it is more likely than not that his age was a motivating factor in the Defendant's adverse employment decision. If you conclude that age was a motivating factor, I instruct you to find for Patricia Carpenter.

3.    **AGE DISCRIMINATION UNDER STATE LAW**

The Plaintiff also claim that her termination from Fleet Bank's violated Connecticut law forbidding age discrimination in employment. The analysis of whether the Plaintiff has proven age discrimination or retaliation by a preponderance of the evidence is the same under state or

---

[3] Reeves v. Sanderson Products, Inc., 530 U.S. 133, 148, 120 S.Ct. 2097 (2000); Price Waterhouse v. Hopkins, 490 U.S. 228, 250, 109 S.Ct. 1775, 1791 (1989) (plurality opinion); Binder v. Long Island Lighting Co., 57 F.3d 193, 199 (2d Cir.1995); Fisher v. Vassar College, 114 F.2d 1332, 1333-1337 (2d Cir. 1997) (en banc), cert denied __ U.S. __, 118 S.Ct. 851 (1998); Renz v. Gray Advertising, Inc., 135 F.3d 217 (2d Cir. 1997); Stratton v. Department of Aging for the City of New York, 132 F.3d 869, 878 (2d Cir. 1997); Norton v. Sam's Club, 145 F.3d 114,118 (2d Cir. 1998); cert denied __ U.S. __, 119 S.Ct. 511, (1998); Kirsh v. Fleet Street, Ltd, 148 F.3d 149, 162 (2d Cir. 1998); Danzer v. Norden System, Inc. 151 F.3d 50, 54 (2d Cir. 1998); Owen v. Thermatool Corporation, 155 F.3d 137, 139 (2d Cir. 1998); Rose v. James River Paper Company, 2 F.Supp. 2d 245, 253 (D.Conn. 1998); Zimmitti v. Aetna Life Insurance, 1999 WL 781587 * 11, *12 (D.Conn. Sept. 14,1999); Ragin v. Laidlaw Transit Inc., 1999 WL 977603 * 2 (D.Conn. Oct. 4,1999).

federal law.   Therefore, if you find for the Plaintiff under the ADEA, you must also find in her favor under state law. [4]

## 4.     DAMAGES - GENERAL PRINCIPLES

If you find in favor of Fleet Bank, you need not consider damages.  However, if you find for the Plaintiff, you must next consider the issue of damages.  You must bear in mind that the Plaintiff has the burden of proving by a preponderance of the evidence, both that he suffered damages and the extent of those damages.  The amount of damages must be reasonably calculated to make the Plaintiff whole for the injuries that he has suffered as a result of the unlawful conduct and violations that you find.

In final arguments counsel may have stated a certain sum of money which they claim should be awarded by you.  Now counsel has the right to make such a claim but such argument is not evidence, and the award of damages is solely your function as a jury.

Before I instruct you on the issue of damages, a few words of caution are in order.  The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issues of damages in your deliberations.  Instructions on damages are given for your guidance in the event you do reach the issue of damages.  The issue of damages should only be considered in the event you find in favor of the Plaintiff in accordance with the other instructions I have given you.  Whether you should or should not reach the issue of damages with regard to the Plaintiff is for you to decide.

---

[4]  Levy v. CHRO, 236 Conn. 96, 103 (1996); Ann Howard's Apricot's Restaurant, Inc. v. Commission on Human Rights & Opportunities, 237 Conn. 209, 225 (1996); Hill v. Pinkerton Security Investigative Services, Inc., 977 F.Supp. 148, 153 (D.Conn. 1997).

You must not construe the Defendants' presentation of evidence on the issue of damages to be an admission that it is liable or that the Plaintiff is entitled to any damages. The Defendants were required to address the issue of damages or they would have lost their opportunity to do so. You should only consider the issue of damages - and the evidence presented on the issue - if you determine that Fleet Bank violated the Patricia Carpenter's rights and discriminated against her.

## 5.     DAMAGES FOR AGE DISCRIMINATION - BACK PAY AND BENEFITS

I will first instruct you on the issue of the types of damages that you may award if you find for Patricia Carpenter on her claims of retaliatory age discrimination.

If you find that Patricia Carpenter has proven that age was a motivating factor in Fleet Bank's decision to terminate her employment, you should award Patricia Carpenter such damages that you believe will fairly and justly compensate her for any injury you believe she has sustained as a result of the conduct of the Defendants. You shall award actual damages only for those injuries which you find the Plaintiff has proven by a preponderance of the evidence to have been caused by Fleet Bank's unlawful conduct. There are several different types of damages.

First, you may award compensation for the Plaintiff's lost earnings. This amount should be reasonably calculated to make the Plaintiff whole for any lost wages caused by the Defendants' unlawful conduct. In this case then, you should award damages in the amount of the wages that the Plaintiff would have earned had she continued in his position at United Parcel Service, from the date of her termination through today. Lost earnings would include the Plaintiff's base salary, plus any pay raises, merit increases or bonuses she would have received had she continued in her position. You should deduct from this amount any earnings which the

- 7 -

Plaintiff has had from other employment since the date of her termination.    You should also award the Plaintiff compensation for lost benefits which would include any out-of-pocket expenditures for medical insurance premiums.

The law places a burden on the Plaintiff to prove facts that will enable you to arrive at the amount of damages with reasonable certainty.  While it is not necessary for Patrcia Carpenter to prove the amount of any damages with mathematical precision, she is required to present such evidence as might reasonably be expected to be available under the circumstances.  You are permitted to determine the amount of damages by estimation or approximation, as long as a reasonable basis for the estimation or approximation is shown with reasonable certainty.[5]

---

[5]    Bernheim v. Litt, 79 F.3d 318, 325-6 (2d Cir. 1996); Thurston v. TWA, 713 F.2d 940, 956 (2d Cir. 1983) *aff'd in part* 469 U.S. 111 (1985); Carey v. Piphus, 435 U.S. 247, 98 S.Ct 1042 (1978); Modern Federal Jury Instructions, §104.06 87-88(1983).

6.    **MITIGATION OF ECONOMIC DAMAGES**[6]

Even if you find that the Defendant, by its actions, has harmed the Plaintiff, the Plaintiff

is also obligated to use reasonable care to minimize the resulting losses and damages caused by

the Defendants' actions.  A person who is damaged as a result of wrongful conduct by another

has a duty under the law to use reasonable efforts to mitigate his damages.

The burden is on Fleet Bank to prove that the Plaintiff has not satisfied her duty to

minimize his damages.  For you to find that the Plaintiff failed to mitigate her damages, the

Defendant must prove to you two things with regard to the Plaintiff.  First, the Defendant must

show that the Plaintiff did not use reasonable diligence in seeking employment.  A Plaintiff fails

to use reasonable diligence when he could have sought employment at the same or comparable

salary level and did not.  Second, the Defendant must also prove to you that if the Plaintiff

exercised such diligence, there was a reasonable likelihood that she would have found

comparable work.

Only if you find that Fleet Bank has proven that the Plaintiff failed to look for comparable

work , and that the Plaintiff could have found comparable work if he did look for it, may you find

that the Plaintiff failed to mitigate his damages.  If you find that the Plaintiff could have obtained

comparable employment if she continued to look and that she unreasonably failed to do so, then

you should deny recovery for the period of time after which she stopped looking because she

would have failed to mitigate his damages with regard to that time period.

_____

[6] The Plaintiff does not believe that the evidence in this case is sufficient to support a
finding that he failed to mitigate his damages and therefore no jury charge should be given on
this subject.  This proposed jury instruction is being provided for consideration only in the event
the Court disagrees and determines that sufficient evidence exists to submit the failure to mitigate
defense to the jury.

- 9 -

Bear in mind that the question of whether the Plaintiff has acted "reasonably" with respect to mitigation of damages is one for you to decide, as sole judges of the facts. Fleet Bank has the burden of proving that the Plaintiff's conduct was not reasonable and that her damages could have been avoided or reduced through reasonable effort. In deciding whether to reduce Patricia Carpenter's damages due to a failure to mitigate, you should weigh all the evidence in the case. If failure to mitigate damages has been proven, you may consider that failure in determining the amount of damages that should be paid.[7]

## 7.    **WILLFULNESS**

The second type of damages for age discrimination that you must consider is liquidated damages.

The ADEA provides that if a Defendant's violation of the Act is willful, then a Plaintiff may also be awarded additional damages equal to the amount of lost wages and fringe benefits. This additional amount is called liquidated damages and its purpose is to punish an employer for violations of the ADEA which are willful and to discourage other employers from violating the law.

To establish a willful violation of the ADEA, the Plaintiff is not required to show any especially egregious or aggravated circumstance associated with Fleet Bank's adverse employment action against her. Rather, the Plaintiff has to demonstrate that when Fleet Bank terminated her, it was done willfully, intentionally, or with callous and reckless indifference to

---

[7]    Clarke v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992); Dailey v. Societe Generale, 108 F.3d 451, 456 (2d Cir. 1997); Hawkins v. 1115 Legal Service Care, 163 F.3d 684, 695-696 (2d Cir. 1998).

her rights.  A Defendant acts with "reckless disregard" of its obligations under the federal age discrimination act if it shows disregard for the ADEA and acts with indifference to the ADEA's requirements.  In determining whether the Defendant's conduct was willful, you should assess whether Fleet Bank acted in reckless disregard of the law or of the consequences which might follow from its conduct, such as the Plaintiff's resulting economic losses, suffering and/or emotional distress.

If you make a finding that the Fleet Bank acted willfully, then the Plaintiff is entitled to an award of liquidated damages.  You may award the Plaintiff liquidated damages in an amount up to, but no more than, the amount of damages you have awarded her for lost earnings and benefits.  In determining the amount of liquidated damages to award, you should bear in mind the purpose of such damages.  That is, you should award an amount that you feel is fair to punish the Defendant for the wrongdoing you have found and to warn others not to engage in the same conduct in the future.[8]

## 8.    COMPENSATORY DAMAGES

The third type of damages that you must consider is called compensatory damages.  If you find that the Plaintiff has proven her claims of age discrimination, then under Connecticut's Fair Employment Practices Act, Patricia Carpenter is entitled to damages called compensatory damages.  The purpose of compensatory damages is to make the Plaintiff whole - that is to

---

[8] Devitt & Blackmar, §106.07; Thurston v. TWA, 469 U.S. 111 (1985); Hazen Paper Products v. Biggens, 507 U.S. 604, 113 S.Ct. 1701 (1993); Padilla v. Metro-North Commuter Railroad, 92 F.3d 117 (2d Cir. 1996) cert. denied 520 o.s. 1274 117 S.Ct. 2453 (1997); Paolitto v. John Brown E&C, Inc., 151 F.3d 60 (2d Cir. 1998); Woodhouse v. Magnolia Hospital, 92 F.3d 248 (5th Cir. 1996).

compensate the Plaintiff for losses she may have suffered due to the Defendant's unlawful conduct.

Such damages include compensation to Patricia Carpenter for any pain, suffering or mental anguish that you find she experienced as a consequence of Fleet Bank's discrimination or other conduct. No evidence of monetary value of such intangible things as pain and suffering need be introduced into evidence. Nor is the Plaintiff required to support any such claim with medical evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award that you make should be fair in light of the evidence presented at trial. It is not necessary for the Plaintiff to prove emotional distress with any mathematical precision, as long as she has presented the type of evidence you might reasonably expect to be available under the circumstances. You are permitted to determine the amount of damages by estimation or approximation, as long as a reasonable basis for estimation or approximation is shown with reasonable certainty.[9]

---

[9] Ragin v. Laidlaw Transit, Inc., 1999 WL 977603, at *4, *5 (D.Conn. Oct. 4, 1999); Angelsea Productions, Inc. v. Commission on Human Rights & Opportunities, 236 Conn. 681, 699 (1996); Berry v. Loiseau, 223 Conn. 786, 811 (1992); Cantoni v. Xerox Corporation 1999 WL 73918 at *1, (Conn. Super. Feb. 3, 1999); Collier v. State of Connecticut Dept. of Public Safety, 1999 WL 300643, at * 3 ( Conn. Super. May 3, 1999).

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,

By: _____

Susan M. Phillips
Fed. Bar No. ct15529
Suisman, Shapiro
2 Union Plaza – Suite 200
P.O. Box 1591
New London, CT 06320
Ph: (860) 442-4416
Fx: (860) 442-0495
Cell: (860) 235-7136
e-mail: sphillips@sswbgg.com

00134049; v.                                   - 13 -

## CERTIFICATION

I hereby certify that a copy of the foregoing was served by overnight delivery, this 14th day of October, 2003 as follows:

George Kostakos
Edwards & Angell, LLP
2800 Financial Plaza
Providence RI 02903-2499

Ms. Janet M. Helmke
Edwards & Angell, LLP
90 State House Square
Hartford CT 06103-2715


_____
Susan M. Phillips

RECEIVED

OCT 15 2003

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------

| | | |
|---|---|---|
| PATRICIA A. CARPENTER | : | CIVIL ACTION |
| Plaintiff, | : | NO.  300CV2067 (JCH) |
| v. | : | |
| | : | |
| | : | |
| FLEET NATIONAL BANK, INC. | : | |
| Defendant | : | OCTOBER 14, 2003 |

-----------------------------------------------

## PLAINTIFF'S PROPOSED VERDICT FORM

### A. Age Discrimination Under ADEA and CFEPA

1.      Do you find that the Plaintiff, Patricia Carpenter, has proven, by a preponderance of the evidence, that the Defendant, Fleet National Bank, discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act and the Connecticut Fair Employment Practices Act ?

\_\_\_\_\_ Yes                    \_\_\_\_\_ No

[If you have answered Interrogatory #1 in the negative, you cannot answer any other Interrogatories and your foreperson mush sign and date this form.  If you have answered Interrogatory #1 in the affirmative, continue with the following Interrogatories.]

2.      If your answer to Interrogatory #1 is "yes," what amount of economic loss damages do you find that Patricia Carpenter proved she sustained as a result of the age discrimination you found in your answer to question number 1?

$_____

3.      If your answer to Interrogatory #1 is "yes," do you find that the Defendant, Fleet Bank, committed a willful violation of the federal Age Discrimination in Employment Act ?

\_\_\_\_\_ Yes                    \_\_\_\_\_ No

[If your answer to Question 3 is yes, the Court will enter a liquidated damages award equal to the amount of loss you found in Question 2.]

4.    If your answer to Interrogatory #1 is "yes," what amount of compensation do you award Patricia Carpenter, for her claim that she suffered emotional distress caused by the discrimination?

$_____

**Your deliberations are complete.  Please have the jury foreperson sign and date this verdict form.**

_____
Foreperson

_____
Date

THE PLAINTIFF,

By:    _____
Susan M. Phillips
Federal Bar No. ct15529
Suisman, Shapiro
2 Union Plaza – Suite 200
P.O. Box 1591
New London, CT 06320
Ph: (860) 442-4416
Fx: (860) 442-0495
Cell: (860) 235-7136
e-mail: sphillips@sswbgg.com

00134053; v.

## CERTIFICATION

I hereby certify that a copy of the foregoing was served by overnight delivery, this 14th day of October, 2003 as follows:

George Kostakos
Edwards & Angell, LLP
2800 Financial Plaza
Providence RI 02903-2499

Ms. Janet M. Helmke
Edwards & Angell, LLP
90 State House Square
Hartford CT 06103-2715

_____
Susan M. Phillips

00134053; v.