UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

        Plaintiff,

                              Civil Action No.
v.                            3:00 CV 2067 (JCH)

FLEET NATIONAL BANK,

        Defendant.                        October 22, 2003

**DEFENDANT FLEET NATIONAL BANK'S
MOTION IN LIMINE TO PRECLUDE DOCUMENTARY EVIDENCE**

Defendant, Fleet National Bank ("Fleet"), moves this Court for an Order precluding the plaintiff, Patricia Carpenter ("Plaintiff"), from introducing into evidence for consideration by the jury the following exhibits offered by Plaintiff:

1. Plaintiff's Exhibit 8 – Packet of Performance Appraisals for Patricia Carpenter 1993 through 1997;

2. Plaintiff's Exhibits 11 and 12 – Report of Arthur Wright, Ph.D; and Letter Supplementing Dr. Wright's Report.

In her Complaint, Plaintiff asserts age discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (the "ADEA") and the Connecticut anti-discrimination statute, codified at Conn. Gen. Stat. § 46a-60. These claims arise out of the termination of Plaintiff from her position as a Sales and Service Representative at Fleet's Moosup, Connecticut branch. Fleet

terminated Plaintiff on October 27, 1998 for violation of Fleet's: (1) Internal Employee Policy; (2) Employee Transaction Policy; and (3) Code of Ethics. Specifically, Plaintiff performed prohibited transactions on accounts of family members. See Plaintiff's Exhibit 5. In addition, Fleet had concerns about Plaintiff's job performance in and around October 8, 1998. See Plaintiff's Exhibit 6.

    1.    Plaintiff's Pre-1998 Performance Evaluations are Irrelevant to the Issues in this Litigation.

Plaintiff's performance evaluations prepared before June 1998 are irrelevant to the issues in this litigation and should be precluded under Federal Rule of Evidence 403. Fleet terminated Plaintiff on October 27, 1998 for violation of Fleet's policies and performing prohibited transactions on accounts of family members. See Plaintiff's Exhibit 5. In addition, Fleet had concerns about Plaintiff's job performance in and around October 8, 1998. The evidence at trial will show that Fleet issued its Internal Employee Transaction Policy in March 1998. In addition, Kusum Behari became branch manager of the Moosup branch on April 10, 2003. Behari participated in formulating only one of the evaluations in June 1998, covering the period June 1997 to June 1998. The balance of the evaluations offered by Plaintiff date from March 1992 to June 1997 -- well before the termination in question or Behari taking the job as branch manager. Plaintiff's previous supervisors prepared the evaluations.

The evaluations prior to June 1998 are not relevant in any way to Plaintiff's violation of Fleet policy since they do not cover the time period that Fleet determined Plaintiff violated its policy on internal transactions (October 1998). Moreover, even though Fleet had concerns about Plaintiff's job

performance at the time of her termination, Behari raised these concerns in her October 8, 1998 memorandum, after the preparation of Plaintiff's June 1998 evaluation. See Plaintiff Exhibit 6. Arguably, the only evaluation that may be relevant to the issues in this litigation is the June 1998 evaluation signed both by Behari and Plaintiff's previous supervisor. Behari did not participate in the preparation of the evaluations prepared before the June 1998 evaluation. See Plaintiff Exhibit 8.

Plaintiff seeks to introduce the pre-1998 evaluations only to confuse the jury regarding the issue of Plaintiff's violation of policy, and performance under Behari, by reference to Plaintiff's prior performance. Her performance before being supervised by Behari is irrelevant to the issue of whether Fleet discriminated against Plaintiff on the basis of age when it terminated her for violating Fleet policy, and for her performance under Behari. Accordingly, pursuant to Federal Rule of Evidence 403, Fleet requests that this Court grant Fleet's Motion in limine to preclude the introduction of Plaintiff's performance evaluations other than the June 1998 evaluation prepared, in part, by Behari.

2. The Report and Supplement of Plaintiff's Expert, Arthur Wright, Represent Inadmissible Hearsay.

As Exhibits 11 and 12, Plaintiff offers her expert's written reports disclosed pursuant to Federal Rule of Civil Procedure 26. Defendant requests that the Court preclude the introduction of these reports pursuant to Federal Rules of Evidence 702, 703, 801, 802 and 804. Plaintiff apparently intends to offer these reports for the truth of the matters asserted therein. In her Pretrial Memorandum, Plaintiff disclosed that Arthur Wright would appear as a witness at trial. Given his

expected appearance, there is no need for the introduction of his expert reports as he will be able to testify at trial regarding his opinions, and the bases for his opinions.  Additionally, the expert reports do not fall under any exception to the hearsay rules.  Finally, Defendant requests that any chart included in the reports offered by Plaintiff be excluded on the basis there is no indication that it is the sort of summary contemplated for admission by Federal Rule of Evidence 1006.

                            **THE DEFENDANT**
                            **FLEET NATIONAL BANK**

By: _____
Janet M. Helmke  (ct09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT  06103-2715
(860) 525-5065
(860) 527-4198 (fax)

George P. Kostakos (ct22479)
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI  02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATION OF SERVICE**

    I hereby certify that a copy of the foregoing was served by facsimile and first-class United States mail, postage prepaid, this 22nd day of October 2003, to:

The Plaintiff
c/o Susan M. Phillips, Esquire
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
New London, CT  06320
(860) 442-4416

                                                                                                                              _____
                                                                                                                              Janet M. Helmke