UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

PATRICIA A. CARPENTER         :    CIVIL ACTION
            Plaintiff,       :    NO. 300CV2067 (JCH)
   v.                                  :
                                      :
FLEET NATIONAL BANK, INC.     :
            Defendant       :    OCTOBER 27, 2003

---

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ADMISSION OF Pre-1998 PEROFRMANCE EVALUAIONS and EXPERT REPORT ON ECONOMIC DAMAGES

Defendant, Fleet National Bank (Fleet) has moved for orders precluding admission into evidence of Plaintiff's performance evaluations from all years other than 1998 and of a report prepared by economist Arthur Wright, Ph.D. concerning Plaintiff's economic damages. Each portion of Defendant's Motion in Limine will be addressed in turn.

**A.  Plaintiff's Pre-1998 Performance Evaluations**

Fleet contends that any performance evaluations conducted prior to 1998 should be precluded from evidence pursuant to Fed. R. Evidence 403. Thus, Fleet appears to acknowledge that the proffered performance evaluations for the years 1992, 1993, 1994, 1995, 1996 and 1997 are relevant, but that their relevance is outweighed by the danger of unfair prejudice or confusion of the issues.

It should be noted that the six performance evaluations at issue reflect plaintiff's performance during the years before her termination that "the bank" was Fleet Bank, as opposed

1

to any of Fleet's predecessors. It should also be noted that these six performance evaluations all took place at times that performing transactions for family members was counter to Fleet policy, although said policy may not have been in writing. Finally, it should be noted that Fleet initially proposed as an exhibit Plaintiff's entire personnel file, which is the source of all six of these performance evaluations.

Interestingly enough, performance evaluations are referred to in many employment discrimination cases as evidence considered in a plaintiff's establishment of a prima facie case or a defendant's establishment of a legitimate non-discriminatory reason for an adverse action. See, e.g., Viola v. Philips Med. Sys. of North America, 42 F.3d 712, 716-19 (2d Cir. 1994); Walsh v. United Cable Tech. Serv. Corp. and Telecommunications, Inc., 46 F.Supp.2d 170 (D.Conn. 1999); Ru Wang v. New York City Department of Finance, 1999 WL 529550 (E.D.N.Y.) (July 21, 1999, Gleeson, J.); Gregg v. New York State Dept. of Taxation, 1999 WL 225534 (S.D.N.Y. (April 19, 1999, Mukasey, J.).

As an additional basis for relevance of pre-termination performance evaluations, at least one district court has suggested that post-adverse action performance evaluations can be introduced and that an employer's attempts to rationalize about the performance evaluations "may shed light on whether discriminatory animus existed at the time of the decision. Rifkinson v. CBS, Inc., 1997 WL 634514, 75 Fair Empl .Prac. Cas. (BNA) 693 (S.D.N.Y.) (Oct. 14, 1997, Francis, Magistrate J.). Allowing the entry of the prior performance evaluations into evidence in this case, where the evidence will show that what Plaintiff was terminated for was always against "official" Fleet policy, will allow a jury to evaluate not only Plaintiff's prior performance as

compared to the alleged reason for termination but whether Fleet's rationalization of the discrepency evinces discriminatory animus.

Given the evidence that Plaintiff's actions would have violated Fleet policy, and evidence that she did the same kinds of things she was allegedly terminated for prior to 1998, the lack of critical prior evaluations is also a fact whose probity outweighs any possible prejudice. Another district court case has suggested that "the absence of any critical evaluation of [plaintiff] by his supervisors during the relevant time period may be probative of whether they either acquiesced in or encouraged such behavior." Burke v. New York City Police Dept., 115 F.R.D. 220 (S.D.N.Y. 1987).

In short, prior performance evaluations may be probative of discriminatory intent and discriminatory enforcement of Fleet policy, all assisting the jury in determining whether age was a motivating factor in Plaintiff's termination. Thus, Fleet's motion in limine directed at the six performance evaluations pre-dating June 1998 should be denied.

**B.     Dr. Wright's Report**

Fleet contends that Dr. Wright's report as to Plaintiff's economic damages should be precluded from evidence on the basis that the documents containing his report are inadmissible hearsay. Plaintiff submits that these documents are admissible pursuant to Fed. Rule of Evidence 803 (6) and/or will be relied upon by Dr. Wright during his testimony pursuant to Fed. Rule of Evidence 803 (5) and, for that reason, must be marked for identification.

3

PLAINTIFF,
PATRICIA A. CARPENTER

By_____
Susan M. Phillips (ct 15529)
Suisman, Shapiro, Wool, Brennan,
  Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box 1591
New London, CT 06320
Telephone: (860) 442-4416
Fax: (860) 442-0495

## CERTIFICATION

      I hereby certify that a copy of the foregoing was served by facsimile and U.S. Mail, this 27th day of October, 2003 as follows:

George Kostakos
Edwards & Angell, LLP
2800 Financial Plaza
Providence RI 02903-2499

Ms. Janet M. Helmke
Edwards & Angell, LLP
90 State House Square
Hartford CT 06103-2715

                                                                               Susan M. Phillips