**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PATRICIA A. CARPENTER,

       Plaintiff,

                                        Civil Action No.
v.                                     3:00 CV 2067 (JCH)

FLEET NATIONAL BANK,

       Defendant.                           October 24, 2003

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY OR DOCUMENTARY EVIDENCE REGARDING SONNER IRAS**

The defendant, Fleet National Bank ("Defendant" of "Fleet"), hereby objects to plaintiff Patricia Carpenter's ("Plaintiff" or "Carpenter") Motion in Limine to Preclude Testimony or Documentary Evidence Regarding Sonner IRAS.

    A.    **Exhibit A**

In her Motion, Plaintiff refers to two exhibits ("Exhibit A" and "Exhibit B"), and attaches the subject exhibits to her Motion. Plaintiff's first objection relates to the exhibit she identifies as Exhibit A. For purposes of clarification, Defendant currently offers this exhibit as "Defendant's Exhibit 15." In its submission of exhibits to the Court, Defendant eliminated from Exhibit 15 any duplicative pages in accordance with the concerns raised in Plaintiff's Motion. It is Defendant's position with regard to

Exhibit A/Defendant's Exhibit 15 that any issues raised by Plaintiff with regard to this exhibit are resolved.

### B. Exhibit B

Plaintiff raises several additional objections with regard to the exhibit referred to and attached as "Exhibit B." For purposes of clarification, Defendant currently offers this exhibit as "Defendant's Exhibit 17." Defendant responds to Plaintiff's objections to this Exhibit B/Defendant's Exhibit 17 as follows:

#### 1. Pages 1 and 7.

Plaintiff states that the first and seventh pages of Exhibit B/Defendant's Exhibit 17 are duplicative of the pages submitted as Exhibit A/Defendant's Exhibit 15. Defendant agrees and is willing to withdraw those pages from Exhibit B/Defendant's Exhibit 17.

#### 2. Pages 2 and 3.

Plaintiff contends that the second and third pages of Exhibit B/Defendant's Exhibit 17 are computer printouts generated by Defendant to attempt to track changes made to account number 8037074114. In fact, these pages are relevant because they support Defendant's reasons for terminating Plaintiff, and relate directly to an account Plaintiff improperly changed. As Plaintiff states in her Motion, the documents were "apparently generated by the bank in an attempt to track whatever changes, if any, had been made to account number 8037074114." Motion, p. 2. These changes are

directly relevant to the issues in this case. Given the relevance of this information, Defendant should not be precluded from entering these pages into evidence.

### 3. Page 4.

Plaintiff contends that Defendant should be precluded from entering into evidence the fourth page of Exhibit B/Defendant's Exhibit 17 because the document supports a fact that is not in dispute, and that is "reflected" in other exhibits. The other exhibits in question are Plaintiff's termination notice, and a memorandum from her supervisor to John Blackwell detailing Plaintiff's performance problems and violations of policy (Plaintiff's Exhibits 5 and 7, respectively). While the fact in question is not in dispute, and it is accurate that other exhibits "reflect" this fact, Defendant should not be precluded from introducing the document for consideration by the jury. The document supports Defendant's decision with respect to the Plaintiff's termination, and shows that Defendant engaged in a reasonable investigation into the policy violations by Plaintiff. Further, the document will not confuse the jury, or cause undue prejudice to Plaintiff, as it is consistent with the undisputed facts. Defendant is willing to offer the document as a separate exhibit to avoid any confusion with the documents supporting Defendant's contentions with respect to the Sonner IRA documents (See Section 4 below).

### 4. Pages 5, 8 and 9.

Plaintiff objects to the fifth, eighth and ninth pages of Exhibit B/Defendant's Exhibit 17, which are printouts from Defendant's computer system reflecting account information related to Claire Sonner. Plaintiff contends that: (1) these documents were generated "after Fleet made a decision to terminate plaintiff;" (2) this information did not form part of the basis for Defendant's termination decision; and (3)

"Fleet did not introduce the computer screen printouts concerning the Sonner IRA's at the CHRO proceedings before this lawsuit was filed."  Motion, p. 3.

In fact, as Plaintiff points out in its Motion, all three pages reflect that the documents were generated on October 27, 1998, the very day Fleet made the decision to terminate Plaintiff, and that Plaintiff received the Notification of Termination on the same day – October 27, 1998 (See Plaintiff's Exhibit 5).  Plaintiff's contention that the data was generated before the decision to terminate is, therefore, confusing and unfounded.

Like the documents discussed in Section 3 hereof, the Sonner IRA documents clearly support the decision made by Fleet to terminate Plaintiff.  As the Notification of Termination, Plaintiff's Exhibit 5, explicitly states:

> On October 8th, 1998, on CD Account #8037074114, you *deleted Claire Sonner's name and *changed the account title from "Claire Sonner, FBO William Sonner" to "William Sonner".

Plaintiff's contention that Fleet did not rely on this information in making its termination decision, therefore, is incorrect.  Contrary to Plaintiff's assertion, it is clear that Fleet explicitly relied on this information in making its decision.

Finally, Plaintiff's contention that Fleet did not introduce this information during the CHRO proceedings is equally inaccurate.  In fact, the very documents Plaintiff questions were attached as Exhibit G to Defendant's position statement submitted to the CHRO.  See Exhibit A to this Objection.

In addition, Defendant referred in its position statement to these documents, and Plaintiff's change to the Sonner IRA as a reason for her termination:

> Remarkably, following the October 13 meeting, Carpenter, on *four* more occasions, deleted her sister's name from IRA accounts and named her nephew as sole owner of the accounts in a shameless breach of Fleet Policy (Copies of the IRA transactions are appended hereto as Exhibit G)
>
> Based upon Behari's findings, Fleet management determined that termination of Complainant's employment was warranted.

See Defendant's Position Statement submitted to the CHRO dated April 29, 1999, attached hereto as Exhibit A (emphasis in original).

For these reasons, Plaintiff's Motion should be denied with respect to the fourth, fifth and ninth pages of Exhibit B/Defendant's Exhibit 17.

### 5. Page 6.

Lastly, Plaintiff suggests that she would consent to the placement of the sixth page of Exhibit B/Defendant's Exhibit 17 as part of Defendant's Exhibit 15. Defendant agrees and is willing to withdraw that page from Exhibit B/Defendant's Exhibit 17, and make it part of Exhibit 15.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion in Limine to Preclude Testimony or Documentary Evidence Regarding the Sonner IRAS.

**THE DEFENDANT
FLEET NATIONAL BANK**


By: _____
Janet M. Helmke  (ct09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT  06103-2715
(860) 525-5065
(860) 527-4198 (fax)

George P. Kostakos (ct22479)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI  02903
(401) 274-9200
(401) 276-6611 (fax)

## **CERTIFICATION OF SERVICE**

      I hereby certify that a copy of the foregoing was served by United States mail, first-class, postage prepaid, this 24th day of October 2003, to:

The Plaintiff
c/o Susan M. Phillips, Esquire
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
New London, CT  06320
(860) 442-4416

                                                            _____
                                                             Janet M. Helmke

- 9 -

# **EXHIBIT A**