FILED

2003 NOV 10  A II: 30

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

        Plaintiff,

    v.

FLEET NATIONAL BANK,

        Defendant.

Civil Action No.
3:00 CV 2067 (JCH)

November _10_, 2003

## DEFENDANT'S AMENDED TRIAL MEMORANDUM

Defendant Fleet National Bank amends portions of its Defendant's Trial Memorandum filed October 10, 2003, as follows[1]:

    **8.**    **List of Witnesses:**

For the Defendant: In addition to witnesses previously identified in Defendant's Trial Memorandum, Defendant anticipates calling the following witnesses at the trial of this matter. A brief summary of the anticipated testimony is provided below. Defendant also continues to reserve the right to call rebuttal witnesses not identified, and to call witnesses listed by Plaintiff, whether or not Plaintiff calls them at trial.

        A. Lay Witnesses:

    (10)  Cindy Guertin-Gileau, Senior Financial Consultant – Vice President, Fleet Bank. Address 30 State House Square, Hartford, CT 06103. Ms. Guertin-Gileau is

---

[1] Defendant Fleet specifically amends or supplements only Sections 8, 11 and 16 of its October 10, 2003 Trial Memorandum. Fleet intends to rely on the remaining Sections of Defendant's Trial Memorandum as previously filed.

expected to testify regarding Plaintiff's interaction with Ms. Behari, and regarding the nature of the relationship, both professional and personal, between Plaintiff and Ms. Behari.

(11)   Nancy Duff. Branch Operations Supervisor, Fleet Bank. Address 28 Main Street, Moosup, CT   06354.   Ms. Duff is expected to testify regarding Plaintiff's interaction with Ms. Behari and regarding the nature of the relationship, both professional and personal, between Plaintiff and Ms. Behari.

**11.**   **Requests for Jury Instructions:**          Attached   as   Exhibit   1   are Defendant's revised, proposed Requests for Jury Instructions.

**16.**   **Verdict Form:**   Attached as part of Exhibit 1 is the Defendant's revised, proposed verdict form.

THE DEFENDANT
FLEET NATIONAL BANK

By: _George P. Kostakos (ct22479)_
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI  02903-2499
(401) 274-9200
(401) 276-6625 (Fax)

Janet M. Helmke (ct09851)
Edwards & Angell, LLP
90 State House Square
Hartford, CT 06103
(860) 525-5065
(860) 527-4198  (Fax)

PRV_612878_1/ECLARK

## CERTIFICATION OF SERVICE

This is to certify that a copy of the Defendant's Amended Trial Memorandum was served this *10th* day of November 2003, via hand delivery, to:

The Plaintiff
c/o Susan M. Phillips
Suisman, Shapiro, Wool, Brennan,
Gray & Greenberg, P.C.
2 Union Plaza, Suite 200
P.O. Box
New London, CT  06320

GEORGE P. KOSTAKOS

- 3 -

**EXHIBIT 1**

## EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

      Plaintiff,

    v.

FLEET NATIONAL BANK,

      Defendant.

Civil Action No.
3:00 CV 2067 (JCH)


November 10, 2003

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendant Fleet Bank ("Fleet" or "Defendant"), submits this request to charge. Fleet has not submitted pretrial and post-trial general instructions as part of its request to charge because it assumes that the Court has its own instructions that it prefers. The specific charges and the special verdict form requested by Fleet are as follows:

### Request No. 1 -- Nature of the Case
### and Elements of the Claim Generally

Plaintiff Patricia Carpenter claims that defendant Fleet National Bank discriminated against her based upon age in terminating her as Senior Sales and Service Representative at Fleet's Moosup, Connecticut branch. Fleet denies that it discriminated against Ms. Carpenter and says that it terminated her because she failed to adhere to Fleet policy, and to adequately perform the requirements of her position.

While the law prohibits discrimination in employment based on an employee's age, it does not prevent an employer from taking adverse action against an employee, including terminating the employee whatever the employee's age, when the adverse action is not based on the employee's age. In order for Ms. Carpenter to prevail, she must prove by a preponderance of the evidence that not only was age a reason but that it was a determinative factor in Fleet's decision to discharge her. Age is a determinative factor if Ms. Carpenter would not have been discharged except for her age.

For example, it is not enough for Ms. Carpenter to prove that Fleet's explanations for discharging her are false. I express no opinion on the issue of whether Fleet's explanations are true or false—it is for you to decide if Ms. Carpenter established by a preponderance of the evidence that she was terminated because of her age. Along these same lines, the question before you is not whether Fleet or its management made a mistake or showed poor judgment in firing Ms. Carpenter. You are not to judge Fleet's wisdom or the correctness of its decision. In other words, even if you would not have terminated Ms. Carpenter under these circumstances - - it would not matter. Under the law, Fleet was entitled to make its decision to terminate Ms. Carpenter for a good

reason, a bad reason, or no reason at all, so long as its decision was not motivated by her age.

Thus, for example, you are not to base your decision on whether you believe Fleet's policies are reasonable. You cannot find for Ms. Carpenter simply because you believe that Fleet's policies are unwise or harsh. The issue is not whether you believe Fleet's policies are fair but, instead, whether Ms. Carpenter has proven to you that he was terminated because of her age.

If Ms. Carpenter has failed to persuade you by a preponderance of the evidence that she was discharged because of her age, then you should find for Fleet. If you find that she has not persuaded you by a preponderance of the evidence that her age was a determinative factor in Fleet's decision to discharge her, then you should also find for Fleet.

Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Seman v. Coplay Cement Co., 26 F.3d 429 (3rd Cir. 1994); Owen v. Thermatool Corp., 155 F.3d 137, 139 (2d Cir. 1998); St. Mary's Hosp. Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973); Thornley v. Penton Publishing, Inc., 104 F.3d 26 (2d Cir. 1997); Sutera v. Schering Corp., 73 F.3d 13 (2d Cir. 1995); Woroski v. Nashua Corp., 31 F.3d 105 (2d Cir. 1994); Song v. Ives Laboratories, Inc., 957 F.2d 1041 (2d Cir. 1992); Holland v. American Cyanimid Co., 895 F.2d 80 (2d Cir. 1990); Da Cunha v. Globe International Ltd., 199 WL 38177 (S.D.N.Y. 1999); Ruane v. Continental Casualty Co., 1998 WL 292103 (S.D.N.Y. 1998); Herbst v. Children's Day Treatment Center & School, Inc., 1998 WL 142352 (S.D.N.Y. 1998); Charette v. S.M. Flickinger Co., 806 F. Supp. 1045 (N.D.N.Y. 1992); Ferrante v. American Lung Ass'n, 90 N.Y.2d 623, 687 N.E.2d 1308, 665 N.Y.S.2d 25 (1997); Miller Brewing Co. v. State Div. of Human Rights, 66 N.Y.2d 937, 489 N.E.2d 745, 498 N.Y.S.2d 776 (1985); Town of Lumberland v. New York State Div. of Human Rights, 220 A.D.2d 631, 644 N.Y.S.2d 864 (3d Dep't 1996); New York State Office of Mental Health v. New York State Div. of Human Rights, 210 A.D.2d 686, 619 N.Y.S.2d 874 (3d Dep't 1995); Ioele v. Alden Press, Inc., 145 A.D.2d 29, 536 N.Y.S.2d 1000 (1st Dep't 1989); 2 E. Devitt et al., Federal Jury Practice and Instructions § 106.02 (4th ed. 1987); 3 L. Sand et al., Modern Federal Jury Practice Instructions 88.02[4] (1996); Federal Employment Jury Instructions §§ 4:100, 4:110.

**Request No. 2**
**Direct v. Indirect Evidence**

Ms. Carpenter must prove that her termination was "because of" her alleged age

by showing that her age played a motivating role in, or contributed to, Fleet's decision.

Ms. Carpenter may prove that the forbidden animus – here, age – was a motivating

factor through presentation of either "direct" or "indirect" (or "circumstantial") evidence.

Direct evidence of age is evidence of remarks or actions that, if believed, would directly

prove that Ms. Carpenter's age was a motivating factor in Fleet's treatment of Ms.

Carpenter.    Indirect or circumstantial evidence would include proof of a set of

circumstances that would allow one to reasonably believe that age was a motivating

factor in Fleet's treatment of Ms. Carpenter.

42 U.S.C. §12112(a); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248
(1981); Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993); Ostrowski v. Atlantic
Mut. Ins. Companies, 968 F.2 171, 180 (2d Cir. 1992) quoting Tyler v. Bethlehem Steel
Corp., 958 F.2d 1176, 1186 (2d Cir.), cert. denied, 506 U.S. 826 (1992)); Windham v.
Time-Warner, Inc., 275 F.3d 179, 187 (2d cir. 2001); Shaw v. Greenwich
Anesthesiology Associates, P.C., 137 F.Supp.2d 48, 64-65 (D. Conn. 2001).

## Request No. 3
## <u>Plaintiff's Burden</u>

      The burden of persuasion remains at all times with Ms. Carpenter.

<u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 507 (1993) [citing <u>Texas Dept. of Comm. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981)]; <u>Scaria v. Rubin</u>, 117 F.3d 728, 731 (2nd Cir. 1997); <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 507 (1993); citing <u>Texas Dept. of Comm. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981); <u>Scaria v. Rubin</u>, 117 F.3d 652, 654 (2d Cir. 1997); <u>Cousins v. Howell Corp.</u>, 113 F.Supp. 2d 262, 268 n.6 (D. Conn. 2000); <u>Luciano v. Olsten Corp.</u>, 110 F.3d 210, 215 (2d Cir. 1997); <u>Avalon Bay Communities, Inc. v. Town of Orange</u>, 775 A.2d 284, 309 (Conn. 2001); <u>Levy v. Comm. on Human Rights and Opportunities</u>, 671 A.2d 349, 357 (Conn. 1996).

**Request No. 4**
**Standard of Proof**

Ms. Carpenter must prove her age discrimination claim by a preponderance of the evidence.

O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311 (1996) (citing with approval an application of the analysis in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) to an ADEA claim); Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510 n.3, 113 S. Ct. 2742, 2748 (1993) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-253, 101 S. Ct. 1089, 1093 (1981)); Scaria v. Rubin, 117 F.3d 652, 653 (2d Cir. 1997).

**Request No. 5**
**Standard of Proof**

Plaintiff must prove his or her age discrimination claim by a preponderance of the evidence.


O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 311 (1996) (citing with approval an application of the analysis in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) to an ADEA claim).

**Request No. 9**
**<u>Legitimate, Nondiscriminatory Reason</u>**

Once Plaintiff successfully presents a *prima facie* case, which raises an inference of discrimination, the defendant employer may rebut that inference by articulating a legitimate, nondiscriminatory reason for its actions. The employer's defense must be designed to meet the *prima facie* case, and must be sufficient, on its face, to "rebut" or "dispel" the inference of discrimination that arises from proof of the *prima facie* case. Fleet may satisfy its burden by articulating a legitmate, non-discriminatory reasons, even if, in your opinion, the reason would not justify Ms. Carpenter's termination.

<u>International Bd. of Teamsters v. United States</u>, 431 U.S. 324, 360 n.46 (1977); <u>Scaria v. Rubin</u>, 117 F.3d 652, 654-55 (2d Cir. 1997)

**Request No. 10**
**Business Judgment**

In considering Fleet's stated reason for discharging Ms. Carpenter, you are not to second guess the wisdom or reasonableness of defendant's business decisions.

Fleet had the right to terminate Ms. Carpenter for any reason or no reason so long as age was not the real reason for the termination.

Renz v. Grey Advertising, Inc., 135 F.3d 217, 221 n.2 (2d Cir. 1997).

**Request No. 11**
**Unsatisfactory Job Performance/Policy Violation**

Defendant has stated that Plaintiff was terminated because she violated Fleet's Internal Employee Transaction policy and Code of Ethics. This is a legitimate reason to terminate Plaintiff and it dispels any inference that the termination was improper, unless you find that the stated reason or determining factor for the termination was a pretext, i.e., a cover-up for age discrimination.

Golomb v. Prudential Ins. Co. of Am., 688 F.2d 547, 549-50 (7th Cir. 1982).

**Request No. 12 -- Damages:**
**Charge on Damages Does Not Imply**
**That They Are Appropriate**

The fact that I will now instruct you as to the proper measure of damages should not be considered as intimating that I have a view as to which party is entitled to your verdict in this case.  Instructions as to measure of damages are given for your guidance in the event that you do find in favor of Ms. Carpenter in accordance with my other instructions.

3 E. Devitt, et al., Federal Jury Practice and Instructions, § 74.02 (4th ed. 1987).

## Request No. 13 -- Damages:
## <u>Compensatory Damages -- Generally</u>

If you find by a preponderance of the evidence that age was a determinative factor in Fleet's decision to discharge her, you may award Ms. Carpenter compensatory damages to reimburse her for the monetary loss, if any, which you find that she actually suffered as a result of Fleet's discrimination.  If you find that Ms. Carpenter has not persuaded you by a preponderance of the evidence that her age was a determinate factor in Fleet's decision to discharge her, you will not reach the issue of damages.

Ms. Carpenter has the burden to prove all damages to which she claims an entitlement by a preponderance of the evidence.  If you find for Ms. Carpenter but do not find that she has established by the preponderance of the evidence that she has suffered any actual damages, then you may not award her any money.

You are not permitted to award speculative damages. So, you are not to include in any award compensation for any prospective loss, which, although possible, is not reasonably certain to occur in the future.

3 L. Sand <u>et al</u>., Modern Federal Jury Practice Instructions 88.02[5] (1996).

### Request No. 14 -- Damages:
### Back Pay and Its Measurement

If you find that Fleet unlawfully discriminated against Ms. Carpenter on the basis of her age, then you may award her back pay; that is, the difference, if any, between the compensation that Ms. Carpenter would have earned at Fleet and the compensation that she actually earned from the date of her termination to the present.  You must also deduct from a back pay award any amounts that she received upon her termination such as severance pay and accumulated sick and vacation pay.

EEOC v. Joint Apprenticeship Comm. of the Joint Indus. Bd. of the Elec. Indus., 164 F.3d 89 (2d Cir. 1998); Sands v. Runyon, 28 F.3d 1323 (2d Cir. 1994); Fox v. City Univ., 1999 WL 33875 (S.D.N.Y. 1999); Koyen v. Consolidated Edison, Inc., 560 F. Supp. 1161 (S.D.N.Y. 1983); Federal Employment Jury Instructions, § 4:1060.

**Request No. 15**
**<u>Back Pay and its Measurement</u>**


The remedy of back pay in a discriminatory discharge case is intended to compensate a plaintiff only for losses suffered as a result of defendant's discrimination, and does not extend to granting back pay for a period when a plaintiff would have been unable, due to an intervening cause, to continue employment.


<u>Thornley v. Penton Pub., Inc.</u>.104 F.3d 26 (2d Cir. 1997); <u>Saulpaugh v. Monroe Community Hosp.</u>, 4 F.3d 134, 145 (2d Cir.1993), <u>cert</u>. <u>denied</u>, 510 U.S. 1164, 114 S. Ct. 1189, 127 L.Ed.2d 539 (1994).

### Request No. 16
### Mitigation of Damages -- Back Pay

You should also deduct from an award of back pay whatever money or other benefits Ms. Carpenter actually obtained from other employment and any unemployment or Social Security benefits which she actually received during this period from any back pay which you might otherwise award.

In addition, a plaintiff may not sit idly by and be compensated. Rather, under the law, she must make reasonable efforts to find alternative comparable employment. Alternative comparable employment need not pay the same money, be in the same industry as or include the same job responsibilities as Ms. Carpenter's employment with Fleet. If you find that Fleet has proved that Ms. Carpenter failed to make such efforts or that she unjustifiably failed to take alternative comparable employment which was available to her, you should either subtract from Ms. Carpenter's damages any amount which she could have earned in such a new job or deny Ms. Carpenter any award for back pay for that period entirely.

3 L. Sand et al., Modern Federal Jury Practice Instructions 88.02[5] (1996); 2 E. Devitt, et al., Federal Jury Practice and Instructions, § 106.08 (4th ed. 1987); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998); Thornley v. Penton Publishing, Inc., 104 F.3d 26 (2d Cir. 1997); Dominic v. Consolidated Edison, Inc., 822 F.2d 1249 (2d Cir. 1987); Koyen v. Consolidated Edison, Inc., 560 F. Supp. 1161 (S.D.N.Y. 1983); Allender v. Mercado, 233 A.D.2d 153, 649 N.Y.S.2d 144 (1st Dep't 1996).

## Request No. 17 -- Damages:
## <u>Liquidated</u>

If you find by a preponderance of the evidence that age was a determinate factor in Fleet's decision to terminate Ms. Carpenter, then you must decide whether Fleet's conduct was willful.  If you find by a preponderance of the evidence that Fleet's conduct was willful, the Court will award Ms. Carpenter money damages in an amount equal to double the amount of the back pay, if so awarded by you.

A violation is willful if Fleet knew or showed reckless disregard for the matter of whether its conduct was prohibited by federal law under which Ms. Carpenter sues.  A violation is willful if it is done voluntarily, deliberately and intentionally and not by accident, inadvertence, or ordinary negligence.  It is not enough to show that Fleet knew that the federal law existed and might apply to its actions.

3 E. Devitt <u>et al</u>., Federal Jury Practice and Instructions, § 106.06 (4th ed. 1987) (pocket part 1999).

Request No. 18 -- Damages:
Humiliation and Mental Anguish

If you find that Ms. Carpenter suffered humiliation and mental anguish as a result of her discharge, you may also award Ms. Carpenter damages for such humiliation and mental anguish. In order to sustain such an award, there must be evidence of the magnitude of the injury and of its having been caused by Fleet's practices, rather than some other cause. You should consider the duration, severity, consequences, and physical manifestations of the humiliation or mental anguish, if any, as well as any treatment that Ms. Carpenter sought and obtained as a result of the humiliation and mental anguish.

Annis v. County of Westchester, 136 F.3d 239 (2d Cir. 1998); Laverack & Haines v. New York State Div. of Human Rights, 88 N.Y.2d 734, 673 N.E.2d 586, 650 N.Y.S.2d 76 (1996); Hostos Community Coll. v. State Human Rights Appeal Bd., 54 N.Y.2d 69, 449 N.E.2d 1251, 463 N.Y.S.2d 173 (1983); New York State Dep't of Correctional Service v. New York State Div. of Human Rights, 225 A.D.2d 356, 638 N.Y.S.2d 827 (3d Dep't 1996); A.S.A.P. Personnel Servs., Inc. v. Rosa, 219 A.D.2d 648, 631 N.Y.S.2d 396 (2d Dep't 1995); Gleason v. Callahan Indus. Inc., 203 A.D.2d 750, 610 N.Y.S.2d 671 (3d Dep't 1994); Quality Care, Inc. v. Rosa, 194 A.D.2d 610, 599 N.Y.S.2d 65 (3d Dep't 1993).

**Request No. 18**
**<u>Special Verdict</u>**

Your foreperson will be provided with a verdict form.  You should follow the directions on the form and answer the questions in the order in which they appear.

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

PATRICIA A. CARPENTER,

        Plaintiff,

    v.

FLEET NATIONAL BANK,

        Defendant.

Civil Action No.
3:00 CV 2067(JCH)

October 10, 2003

### PROPOSED VERDICT FORM

1.    Did Plaintiff Patricia Carpenter violate Fleet's Internal Employee Transaction Policy and/or Fleet's Code of Ethics?

2.    Did Ms. Carpenter prove, by a preponderance of the evidence, that a determinative factor in Fleet's decision to discharge her was her age at the time of discharge?

        Yes_____        No _____

[If your answer to Question 2 is "No," you have found in favor of Fleet on this claim. Proceed no further, and report to the Court. If your answer to Question 2 is "Yes," proceed to Question 3.]

3.    (a)    State the amount of back pay damages, if any, which you have awarded to Ms. Carpenter. If you decide not to make an award, you will insert the word "none."

        Amount      $_____

        Go to Question No. 3(b).

(b)   State the amount of damages for mental anguish and suffering, if any, which you have awarded to Ms. Carpenter.  If you decide not to make an award, you will insert the word "none."

Amount        $_____

Go to Question No. 4


4.   Did Plaintiff Patricia Carpenter prove by a preponderance of the evidence that Fleet's conduct was willful?

Yes_____        No _____


Your deliberations are completed.

Dated:November ___, 2003

_____, Foreperson